STATE OF MISSOURI on the information of RUSSELL S. NOBLET, Prosecuting Attorney of Nodaway County, ex rel. HUGH D. McDONALD, Relator, v. MATTIE E. MOORE.—152 S. W. (2d) 86.

Court en Banc, June 10, 1941.

*Livengood & Weightman* for relator.

*Emmett Bartram, C. G. Vogt* and *C. B. DuBois* for respondent.

DOUGLAS, J.—This is an original proceeding in *quo warranto* to oust the respondent from the office of County Treasurer of Nodaway County. The office is claimed by Hugh D. McDonald, the incumbent County Treasurer at the time of respondent's election, on the ground

that respondent is ineligible for the office and is incapable of qualifying so that he holds over until a successor can duly qualify.

The interested parties have agreed upon the facts which show that Nodaway County is a county under township organization. Respondent was elected, in 1939, township collector of Polk township in Nodaway County for a two-year term expiring March 28, 1941. She was the nominee of her party for county treasurer at the General Election in 1940 and was elected by a plurality of 137 votes for a term to commence April 1, 1941. She furnished the proper bond which was approved and she received her commission for the office.

The only attack on her right to the office involves the question whether a *township* collector is included within the prohibition of the statute making a "collector" ineligible to the office of county treasurer. The statute reads: "No sheriff, marshal, clerk or collector, or the deputy of any such officer, shall be eligible to the office of treasurer of any county." [Sec. 13799, R. S. 1939, Mo. Stat. Ann., sec. 12137, p. 6438.] Respondent contends that the officers named in the statute refer only to county officers and particularly, in the case of a collector, to the county collector only and not to a township collector. The relator argues to the contrary and that the term collector includes a township collector as well as a county collector.

Investigating the history of the statute involved, we find it in the Revised Statutes of 1835 on page 153 in substantially the same form except that no "marshal" was mentioned. It is included in an article entitled "County Treasuries" in which article the duties of collectors, clerks and other officers are also prescribed. The clerk referred to in the statute is without a doubt the county clerk, or the clerk of a court of record; the sheriff, the county sheriff; and the collector, the county collector. It should be noted that when the statute was enacted all the officers made ineligible for office of treasurer were at the least county officers. As a matter of fact township officers were not provided for until many years later.

In the Revised Statutes of 1855 on page 1467 we find that the office of marshal, likewise a county office, was established for the County of St. Louis and this officer was added to the statute in question and made ineligible to the office of county treasurer. [R. S. 1855, p. 529.]

At the outset we should observe that statutes prescribing requirements of eligibility to an elective office must be given a liberal construction. This is so because in our democratic form of government the greatest possible freedom of choice in the selection of their officers is a natural right of the people and this right must be zealously guarded by the courts. This court has heretofore announced this rule in State ex inf. Mitchell v. Heath, 345 Mo. 226, 132 S. W. (2d) 1001.

We recognize the rule of statutory construction that ordinarily a statute expressed in general terms will be given a prospective interpretation and will be construed to apply not only to things and

conditions existing at its passage but will also apply to such as come into existence thereafter. [State ex rel. St. Joseph Lead Co. v. Jones, 270 Mo. 230, 192 S. W. 980.] ·But necessarily the prospective application of a statute must be limited to such new things only as come within the logical and natural intent of the statute.

The relator argues that a township collector, although the office was created long after the statute was enacted, falls naturally within the logical intent of the statute. He admits that the sole basis and support for this argument is the reasoning expressed in State ex rel. McAllister v. Dunn, 277 Mo. 38, 209 S. W. 110.

That case was also an action in *quo warranto* involving the same statute. The respondent in that case had been a deputy collector of the City of St. Louis and while such he was elected city treasurer. It was contended that he was ineligible to hold such office in view of the prohibition of the statute. It was conceded that the statute was applicable to officers of the City of St. Louis as county officers because of the classification of St. Louis as a county rather than a city. We held that respondent was ineligible to the office of treasurer and ousted him on the sole ground that the purpose of the statute was to obviate the situation where "one could be chosen treasurer and take and hold the office when, in all probability, public money in his hands in his former official capacity would have to be received and receipted for by himself in his new official capacity."

In considering this finding as to the purpose of the statute it must be borne in mind that a county treasurer ordinarily takes office on the first day of January (Sec. 13792, R. S. 1939), and that the term of a county collector extends beyond this date and does not expire until the first Monday in March (Sec. 11073, R. S. 1939). Under these circumstances a county collector, to take the office of treasurer, would have to resign as collector before his term was over and before the time for his final settlement which might give rise to the very situation we held the statute intended to avoid. The same situation could have arisen at the time of the original enactment of the statute, although the precise limitations of the terms of the various offices were not then specified in every instance.

On the other hand the statute prescribing the term of a county treasurer in the cases of counties under township organization is different from the one governing counties not under township organization. In the case of the former the commencement of the term is postponed from January 1 to April 1. As a result the term of respondent in this case as county treasurer did not commence until after the expiration of her term as township collector. The term of the latter office expired on March 28, by which time her final settlement was required to be and was made, and was approved by the county court. Her duties and responsibilities as township collector were entirely concluded before the commencement of her term as county

treasurer on April 1. In view of this difference in the facts of this case our decision in McAllister v. Dunn neither gives support to relator's contention nor is controlling.

Furthermore, to carry relator's argument to its logical conclusion we would be forced to say that the statute in question declares ineligible every city or town clerk and every city or town collector as well when there could be no sound reason for such an interpretation of the statute. And would not the same argument stretch the statute to include the marshal of this court who in no way handles county funds?

Our conclusion is that the statute refers to a county collector only and not to a township collector. Therefor, respondent is not ineligible to the office of county treasurer because she held the office of township collector and having been duly elected county treasurer she is entitled to retain the office. Accordingly, let judgment be entered in favor of respondent. All concur except *Ellison, J.,* not sitting.