Dear Dr. Mallory:
This official opinion is issued in response to your request for a ruling on the following two questions:
 May a board of education provide transportation to and from school for pupils who live less than three and one-half miles from school at parents' expense?
 May a board of education lease school buses purchased from district funds to a PTA Council for the purpose of transporting pupils who live less than three and one-half miles from school with the expense being borne by participating parents?
 I.
Section 167.231, RSMo Supp. 1979, provides as follows:
 1. Within all school district except metropolitan districts the board of education shall provide transportation to and from school for all pupils living more than three and one-half miles from school and may provide transportation for all pupils. State aid for transportation shall be paid as provided in section 163.161, RSMo, only on the basis of the cost of pupil transportation for those pupils living one mile or more from school. The board of education may provide transportation for pupils living less than one mile from school at the expense of the district and may prescribe reasonable rules and regulations as to eligibility of pupils for transportation. If no increase in the tax levy of the school district is required to provide transportation for pupils living less than one mile from the school, the board may transport said pupils. If an increase in the tax levy of the school district is required to provide transportation for pupils living less than one mile from school, the board shall submit the question at a public election. If a two-thirds majority of the voters voting on the question at the election are in favor of providing the transportation, the board shall arrange and provide therefor.
* * *
 3. The board of education of any school district may provide transportation to and from school for any public school pupil not otherwise eligible for transportation under the provisions of state law, and may prescribe reasonable rules and regulations as to eligibility for transportation, if the parents or guardian of the pupil agree in writing to pay the actual cost of transporting the pupil . . . . (Emphasis added.)
The general rule concerning transportation of pupils is expressed in 79 C.J.S. Schools and School Districts § 475b(3).
 In the absence of statute a school district owes no duty to transport pupils to and from schools, and any duty it may have is purely statutory and is limited by the terms of the statute.
 Under some statutes the duty to transport pupils living more than a stated distance from school is mandatory. While such statutes should be liberally construed to effectuate the legislative intent, they should be reasonably construed so that, without unnecessary burden to the district, all children entitled thereto may be furnished transportation as nearly complete as is reasonably possible. Under such statutes no discretion is conferred on the school board to expand the statutory delegation of power . . . .
There are no Missouri cases interpreting § 167.231 as enacted in 1979 with regard to providing transportation at the parents' expense, so we must look to the terms of the statute to ascertain the intent of the legislature by giving the language thereof its plain and ordinary meaning. State ex rel. Dravo Corporation v.Spradling, 515 S.W.2d (Mo. 1974).
It is clear from subsection 3 of § 167.231 that the legislature intended that a board of education of a school district could provide transportation to pupils at the parents' expense if the pupil was not otherwise eligible for transportation under the provisions of state law. Therefore, the question becomes what students are not otherwise eligible for transportation.
The term "eligible" within the meaning of § 167.231 has not been defined by the courts. However, courts have defined the term "eligible" as the term is used in other statutory provisions. In Golden v. Industrial Commission, Division of Employment Security,524 S.W.2d 34 (Mo.App., Spr.D. 1975), the court held the term "eligible" in a denial of unemployment benefits case included a student claimant who places his availability for work ahead of his pursuit for formal learning. In State ex rel. McAllister v. Dunn,277 Mo. 38, 209 S.W. 110 (banc 1919), the Supreme Court held that a provision of a statute that "no sheriff, clerk or collector, or the deputy of either, shall be eligible to the office of treasurer" made a deputy collector incapable of being lawfully chosen as treasurer. In light of these two decisions, the term "eligible" implies that the applicant has fulfilled a precedent condition.
In § 167.231, a school district must provide transportation to those students living more than three and one-half miles from the school, and may also provide transportation for all students. Therefore, pursuant to the first sentence of § 167.231, those students living more than three and one-half miles from school have fulfilled the condition precedent and are eligible for free public transportation.
Further, in § 167.231, however, the board in its discretion may take action to provide transportation for students living less than three and one-half miles from school. However, with respect to students living less than one mile from school, the board may only provide transportation if such transportation may be provided without increasing the tax levy or a favorable election in favor of such transportation is passed by two-thirds of the voters. These provisions do not unconditionally grant transportation to pupils and therefore such pupils are not otherwise eligible.
Based upon the foregoing, at minimum, pupils living more than three and one-half miles from school are eligible for transportation and therefore are exempt from paying the actual cost of transportation. In the case of pupils living less than three and one-half miles from school, at the discretion of the board, transportation may be provided. However, in the case of pupils living less than one mile from school, the district may only provide transportation if no increase in the tax levy is required or two-thirds majority of the voters voting at an election are in favor of providing the transportation.
If transportation is not provided for pursuant to subsection 1 of § 167.231, then the provision of subsection 3 takes effect. In the case of pupils living less than three and one-half miles from school, if the board does not provide transportation, that transportation may be provided at the parents' expense. The board of education may provide transportation for students not otherwise eligible if the parent or guardian of the pupil agree to pay the actual cost of transportation in writing.
 II.
Your second inquiry is whether the board of education can lease school buses purchased from district funds to a PTA council for the purpose of transporting pupils who live less than three and one-half miles from school with the expense being borne by the participating parents.
There is no statutory direction to the board of education either in § 167.231 or elsewhere setting forth the manner in which transportation is to be provided. However, having been granted the authority to provide transportation under certain circumstances, the board has power to purchase school buses in order to carry out this grant. McClure Brothers v. School District ofTipton, 79 Mo. App. 80, 86 (K.C. 1899). Furthermore, having been granted the authority to provide free transportation under certain circumstances, the board also has implied power to enter into contracts to provide for transportation of students. However, there is no statute authorizing a school district to lease its school buses purchased with public funds to a private individual or corporation for furnishing school transportation. In the absence of such an authorizing statute, no such power exists. 78 C.J.S. Schools and School Districts § 99a(1). Therefore, the board of education has no authority to lease school buses purchased from district funds to a PTA council to provide transportation.
CONCLUSION
It is the opinion of this office that:
A. A board of education may provide transportation to and from school for pupils who live less than three and one-half miles from school if the parents agree in writing to pay the actual cost of transporting the pupils.
B. A board of education may not lease the school buses purchased from school district funds to a PTA council for the purpose of transporting pupils who live less than three and one-half miles from school if the parents agree in writing to pay the actual cost of transporting the pupils.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Leslie Ann Schneider.
Very truly yours,
 JOHN ASHCROFT Attorney General