Dear Mr. Vaughan:
This opinion is in response to your question asking if Section54.040, RSMo 1978, makes the Deputy County Clerk of Mississippi County ineligible for the office of Treasurer of Mississippi County under the following circumstances: The Deputy County Clerk of Mississippi County filed for the office of Mississippi County Treasurer on the Democratic ticket. At the primary election held on Tuesday, August 5, 1986, the Deputy County Clerk of Mississippi County was nominated as the Democratic candidate for the office of Treasurer of Mississippi County. The Deputy County Clerk of Mississippi County does not have any opposition in the general election.
Section 54.040, RSMo 1978, provides as follows:
 No sheriff, marshal, clerk or collector, or the deputy of any such officer, shall be eligible to the office of treasurer of any county.
The precise question you have asked has not heretofore been answered.
In State ex rel. McAllister v. Dunn, 277 Mo. 38,209 S.W. 110 (banc 1919), the court was faced with the following situation: The Deputy Collector of the City of St. Louis was a candidate for the office of Treasurer of the City of St. Louis and received a majority of the votes cast at the general election. The Deputy Collector held his office as deputy collector until after the general election and until a short time before the term of the Treasurer began. It was conceded that Section 3756, RSMo 1909 (now, Section 54.040, RSMo 1978), applied to the City of St. Louis, which is also a county.
The court in Dunn first held that whether or not the word "eligible" refers to the time of the election or the time of the taking of office depends upon the context and upon the subject. The court went on to hold that as a matter of common law one cannot hold incompatible offices. The court noted that the offices of collector and treasurer were incompatible as a matter of common law. The court said that it is a well-settled rule that the Legislature is not held to have done a vain and useless thing. As it was already prohibited for one person to hold both the offices of collector and treasurer, the court concluded that from the context and subject of that litigation, the word "eligible" referred to the time of being chosen for the office rather than the time of taking the office. Chief Justice Bond in a separate concurring opinion concluded that the term "eligible" as used in statutes or the constitution, without contextual qualification or modificatory terms, refers to the legal capacity to hold an office at the time of the election or appointment of the person designated. Dunn, 209 S.W. at 112.
In Missouri Attorney General Opinion No. 350, Warden, 1968, copy enclosed, this office, after reviewing the Dunn case andState ex inf. Noblet ex rel. McDonald v. Moore, 347 Mo. 1170,152 S.W.2d 86 (banc 1941), concluded that if a deputy county clerk resigned from his office as deputy county clerk prior to the primary election, he or she would be eligible for the office of county treasurer. At page 2 of this opinion, it is stated "that the question of eligibility is determined at the time the party is chosen treasurer."
From the foregoing, we conclude that if the Deputy County Clerk of Mississippi County resigns his or her office as deputy county clerk prior to the general election at which such deputy may be chosen to be county treasurer, the Deputy County Clerk would remain eligible to be county treasurer under Section 54.040, RSMo 1978. However, if the Deputy County Clerk of Mississippi County remains in office past the time of the general election, the Deputy County Clerk would be ineligible for office under Section 54.040, RSMo 1978.
CONCLUSION
It is the opinion of this office that a deputy county clerk is eligible to be county treasurer under Section 54.040, RSMo 1978, if the deputy county clerk resigns his or her position as deputy prior to the general election.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 350, Warden, 1968