George Joseph ROZELL

v.

John KAYE, D.O.

Civ. A. No. 1998.

United States District Court
S. D. Texas,
Corpus Christi Division.

Aug. 22, 1961.

Bedford D. Edwards, Waco, Tex., and Wade & Howard and Virgil Howard, Corpus Christi, Tex., for plaintiff.

Lewright, Dyer & Redford, S. E. Dyer and W. N. Woolsey, Corpus Christi, Tex., for defendant.

GARZA, District Judge.

This action is before the Court on defendant's motion to quash service and to dismiss.

12. Compare Braniff v. Jackson Ave.-Gretna Ferry, Inc., supra.

734

This action was originally filed by the plaintiff, George Joseph Rozell, in the 156th District Court of San Patricio County, Texas, and was removed by the defendant to this Court.

Contemporaneously with such removal, defendant filed his motion to quash service and to dismiss, urging the Court that service of process upon him was improperly had.

The plaintiff had sought to obtain service on the defendant by nonresident notice.

The defendant by affidavit stated that at the time he was personally served in the State of Florida, he was a resident of such State and had been a resident of such State since September, 1959. This fact remains undisputed by the plaintiff.

The plaintiff conceded that said motion to quash, when filed, was good because the nonresident notice given to defendant was insufficient for the Court to acquire jurisdiction of the person of the defendant. The plaintiff, however, took steps to correct the insufficiency of the process by having the Secretary of the State of Texas served in accordance with the provisions of Article 2031b, Vernon's Annotated Civil Statutes of Texas.[1]

The defendant then again moved that this attempted substitute service of process through the Secretary of State be quashed and the cause dismissed on the ground that Article 2031b, Vernon's Annotated Civil Statutes, would not apply retroactively so as to enable the plaintiff to secure under Article 2031b service of process on this defendant with regard to a cause of action accruing prior to the effective date of the statute.

Article 2031b was enacted by the Fifty-sixth Texas Legislature and became effective on August 10, 1959, ninety days after adjournment of the Legislature that passed the same.

Plaintiff's original petition showed that plaintiff's cause of action, if any, against defendant arose or commenced on January 24, 1959, at which time the plaintiff alleges that the defendant committed the malpractice on him while attempting to treat plaintiff's leg which had been broken in an auto accident on that same day.

It, therefore, has to be conceded that the pertinent provisions of Article 2031b were not in effect at the time of the alleged malpractice on the part of the defendant.

The plaintiff then asked leave of the Court to file an amended complaint, which leave was granted by the Court.

The plaintiff in said amended complaint, with the apparent intent to get around the question of Article 2031b having to be applied retroactively, stated that the defendant had fraudulently concealed from the plaintiff the plaintiff's true condition, and that the plaintiff did not, and could not have discovered this condition until after October 1, 1959.

The plaintiff contends that the fraudulent concealment of plaintiff's condition by the defendant constituted a tort or a separate cause of action from the negligent treatment received on January 24,

<hr>

1. The applicable section of Article 2031b reads as follows:

"Sec. 6. When any corporation, association, joint stock company, partnership or natural person becomes a nonresident of Texas, as that term is commonly used, after a cause of action shall arise in this State, but prior to the time the cause of action is matured by suit in a court of competent jurisdiction in this State, when such corporation, association, joint stock company, partnership or natural person is not required to appoint a service agent in this State, such corpora-

tion, association, joint stock company, partnership or natural person may be served with citation by serving a copy of the process upon the Secretary of State of Texas, who shall be conclusively presumed to be the true and lawful attorney to receive service of process; provided that the Secretary of State shall forward a copy of such service to the person in charge of such business or an officer of such company, or to such natural person by certified or registered mail, return receipt requested."

1959, and that this separate tort continued until a time after the effective date of Article 2031b, and after the time of defendant's removal to Florida.

■ The defendant maintains, and rightly so, that the Legislature of the State of Texas did not intend, nor did it express in appropriate language, that such statute applied retroactively to a cause of action arising prior to the enactment and the effective date of such statute.

The verbs used throughout Article 2031b, and particularly in Section 6 thereof, are all verbs of "futurity". All of said language is prospective.

The defendant further argues that the Legislature did not intend Article 2031b to be retroactive for the reason that had such been the intent and the effect of the statute, it would be unconstitutional.

The Texas Constitution, in Article I, Section 16, Vernon's Ann.St. provides:

"No bill of attainder, ex post facto law, *retroactive law*, or any law impairing the obligations of contracts, shall be made." (Emphasis supplied.)

■ Our Texas Constitution, unlike the Constitution of the United States, expressly prohibits the enactment of retroactive laws and it has long been recognized that this provision of our State Constitution places a limitation upon the power of the Legislature beyond other limitations found in the Constitution.[2]

The question, then, for this Court to decide is when the plaintiff's cause of action arose. In other words, the effect of the words of the statute "after a cause of action shall arise in this State" must be decided.

Defendant contends that the cause of action arose on January 24, 1959, when the alleged malpractice occurred.

Plaintiff, on the other hand, alleges that the fraudulent concealment by the defendant is a new and independent cause of action, or a part of the cause of action, and that since the fraudulent concealment was not discovered, and could not have been discovered by the plaintiff, until after October 1, 1959, his cause of action arose while Article 2031b was in effect.

It has been held by the Texas courts that fraudulent concealment does not constitute a new and separate cause of action in itself. It merely estops the guilty party from asserting or relying upon the defense of limitation until his fraud was, or could, by the exercise of ordinary diligence, have been discovered by the plaintiff.[3]

■ The Court, therefore, has to reach the conclusion that the plaintiff's cause of action arose when the alleged malpractice occurred. The added ground of fraudulent concealment not being in itself a new and independent cause of action would, in a case as before the Court, where the question of limitation is not involved, go only to the question of damages on the ground that by the fraudulent concealment the defendant worsened the plaintiff's condition. The fraudulent concealment is not a tort in itself.

Defendant's motion to quash service will be granted. The motion to dismiss will be denied, since there is a possibility that defendant may remove himself back to this State where personal service can be had on him.

Clerk will notify counsel and appropriate order will be submitted by the defendant.

2. Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249.

3. Thompson v. Barnard, Tex.Civ.App., Waco, 1940, 142 S.W.2d 238, affirmed 138 Tex. 277, 158 S.W.2d 486; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908; Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36; Carrell v. Denton, 1942, 138 Tex. 145, 157 S.W.2d 878.