George Joseph ROZELL

v.

John KAYE, D.O.
Civ. A. No. 1998.

United States District Court
S. D. Texas,
Corpus Christi Division.

Jan. 18, 1962.

Bedford D. Edwards, Waco, Tex., and Wade & Howard, Virgil Howard, Corpus Christi, Tex., for plaintiff.

Lewright, Dyer & Redford, S. E. Dyer and W. N. Woolsey, Corpus Christi, Tex., for defendant.

GARZA, District Judge.

This case is before the Court, again, on a motion of the Plaintiff to set aside an order quashing service of process issued in accordance with the memorandum opinion of this Court heretofore written and which is to be found in 197 F.Supp. 733.

In that opinion, this Court held that Vernon's Ann.Civ.St.Tex., Art. 2031b, Section 6, dealing with service of process on foreign corporations and nonresidents, in case of nonresidency after accrual of cause of action, by service on the Secretary of State, did not apply retroactively to cause of action arising prior to enactment and effective date of said statute.

The Plaintiff, in his motion to set aside said order to quash, submits that this Court erred in such holding because said statute allowing substitute service is a remedial or procedural statute which is not subject to the Texas constitutional prohibition against retroactive laws.

In his brief in support of said motion to set aside said order to quash service of process on the Defendant Doctor, Plaintiff cites for the first time to the Court the opinion of my learned colleague on the Bench for the Southern District of Texas, Judge Joe Ingraham, in the case of Lone Star Motor Import, Inc. v. Citroen Cars Corp., D.C., 185 F.Supp. 48; and submits that the ruling of Judge Ingraham in said case—which is contrary to the ruling by this Court—was upheld in 5 Cir., 288 F.2d 69.

This Court feels that its original opinion upholding Plaintiff's motion to quash service is still correct despite the opinion by Judge Ingraham in the case cited to this Court.

Since the opinion of Judge Ingraham in the Lone Star case is the only new authority cited by the Plaintiff in his motion to set aside this Court's order to quash service of process on the Defendant, it might be well to discuss that case.

Judge Ingraham had before him Sections 3 and 4 of said Article 2031b, and not Section 6 as is before us. The opinion in the Lone Star case shows a single contract calling for performance in Texas between the plaintiff and the defendant, a foreign corporation. The plaintiff there alleged the mere existence of this contract to be sufficient under Sections 3 and 4 of Article 2031b, to constitute defendant as doing business in Texas. The defendant in that case maintained, first, that Sections 3 and 4 of Article 2031b, were substantive and subject to the Texas constitutional provision preventing retroactive laws; and, secondly, the defendant maintained that in any event Sections 3 and 4 of said statute were federally unconstitutional in that they acted to deprive the defendant of the due process of law guaranteed it by the Fourteenth Amendment, for the reason that the single contract and the activity thereunder as shown by the evidence before the Court, on which plaintiff relied as being sufficient under the Texas statute, were not sufficient evidence of doing business in Texas as tested by a long line of federal case authorities in point.

Judge Ingraham ultimately sustained defendant's second contention that said Sections 3 and 4 violated the Federal Constitution.

Before discussing the contentions of the defendant, Judge Ingraham held in his opinion (185 F.Supp., at p. 51):

"The court believes that defendant's motion to quash summons and complaint should be granted. As applied to permit service of process upon defendant, Article 2031b is not a retroactive law in violation of Article 1, Section 16 of the state constitution, but it does deprive defendant of due process of law guaranteed by the Fourteenth Amendment of the Federal Constitution."

It is the belief of this Court that Judge Ingraham, before writing his opinion in the Lone Star case, had already made up his mind that the sections of Article 2031b before him were unconstitutional, and it might have been for that reason he did not give more serious consideration to the first contention of the defendant as outlined above.

For example, the Court cited, in support of his holding that the retroactive effects of Sections 3 and 4 were not unconstitutional in accordance with Texas law, the case of Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905, by the Supreme Court of Texas. That case involved a statute setting out rules of practice and procedure regarding time for filing motions for new trial, and the time after which a judgment becomes final. That case involved no controversy as to whether the statute in question was in fact procedural. That point was admitted. A close reading of that opinion leads this Court to believe that the Texas Supreme Court simply stated what the result was when a statute is procedural, without going into what makes a statute procedural or remedial.

Another case cited by Judge Ingraham, McGee v. International Life Insurance Co., (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, involved a California statute relating solely to insurance contracts and allowing California residents to subject insurance corporations to suit in that State on such contracts even though such corporations could not be served with process within California borders. I do not read in that opinion any real controversy as to whether the particular California statute under consideration was remedial or substantive, which leads me to believe that this was not in controversy; nor does the Supreme Court decision in said case lay out any guides for determining whether a statute is remedial or substantive. This Court is not aware of whether or not California has a constitutional prohibition against retroactive laws, as does Texas.

The case of Bluff Creek Oil Company v. Green, 5th Cir., 1958, 257 F.2d 83, also

cited by Judge Ingraham in the Lone Star case, turned on the point that the Illinois process statute involved therein had expressly been held by the courts of Illinois to have retroactive application. Speaking through Judge Brown, the Fifth Circuit Court said:

"Actually the interpretation of the statute insofar as its retroactivity is concerned is not open to us. As this is just another diversity suit, Erie (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188) commits us to what authoritative Illinois decisions have said. Whether for good or bad, Illinois has ruled precisely that as a matter of statutory interpretation this Act has retroactive application. Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673."

This Court has been unable to find any holding by our Texas courts that specifically holds that Section 6 of Article 2031b, can be given retroactive effect, and holding that the same is procedural or remedial. If such is the case, the court opinions cited in this Court's memorandum in 197 F.Supp. 733, are still controlling.

Nowhere in the opinion of the Fifth Circuit in Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69, reversing the opinion of Judge Ingraham in 185 F.Supp. 48, do I find any discussion by the Court of whether or not Article 2031b is remedial or procedural. The Court in that case apparently contented itself with a discussion of the question of whether said Sections 3 and 4 of Article 2031b were federally unconstitutional, and the question of the failure of Judge Ingraham to grant the plaintiff leave to amend so as to prove that the defendant in truth and in fact was doing business in Texas.

As stated above, feeling that my opinion in 197 F.Supp. 733, is correct, Plaintiff's motion to set aside the order quashing service of process on the defendant will be denied.

The Court will this date enter an order denying said motion to set aside my order quashing service of process on the defendant; and at the same time, under the authority granted to this Court under 28 U.S.C.A. § 1292(b), will state that since my action involves a controlling question of law as to which there is substantial ground for difference of opinion, and that I believe that an immediate appeal from the order may materially advance the ultimate determination of the litigation, so that the Plaintiff may ask the Court of Appeals in its discretion to permit an appeal to be taken from such order.