Thomas N. MUCHARD, Appellant,

v.

Theodore W. BERENSON et al., Appellees.

No. 19318.

United States Court of Appeals Fifth Circuit.

Sept. 6, 1962.

Rehearing Denied Oct. 17, 1962.

James R. Meyers, Austin, Tex., for appellant.

Thomas G. Gee, Robert J. Hearon, Jr., Austin, Tex., for appellees.

Before HUTCHESON, RIVES and BELL, Circuit Judges.

RIVES, Circuit Judge.

The district court sustained the defendants' motion to dismiss this action on the ground of res judicata and, as to some of the defendants, on the further ground that the court lacked jurisdiction of the person.

The action was to recover compensation for services pursuant to a written contract of employment. A prior action on the same claim had been transferred by the district court to the United States District Court for the Southern District of New York. The plaintiff was a resident of the Western District of Texas. The defendant Berenson resided in Massachusetts; Berg, Dimson and Henkind resided in New York; and Houston Building Corporation was incorporated under the law of Delaware and had its principal place of business in New York. Jurisdiction was founded only on diversity of citizenship. The action

could therefore be properly brought in the Western District of Texas but not in the Southern District of New York.[1]

When the motion to transfer the prior case to the Southern District of New York was granted, such a transfer was apparently permissible under this Court's decision in Ex parte Blaski, 5 Cir., 1957, 245 F.2d 737. By the time the papers actually reached the Southern District of New York, our decision in Ex parte Blaski, supra, had been disapproved by the Supreme Court in Hoffman v. Blaski, 1960, 363 U.S. 335, 80 S. Ct. 1084, 4 L.Ed.2d 1254. That decision settled the principle that under 28 U.S.C. A. § 1404(a) the transferee district must be one in which the action "might have been brought" by the plaintiff as a matter of right, independently of the wishes of the defendant. Under that decision the prior action on this claim was not properly transferred to the Southern District of New York. No defendant had answered in that action, and the plaintiff then filed a notice of dismissal without prejudice pursuant to Rule 41 (a), Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff then filed the present action on the same claim in the Texas State Court and the defendants had the case removed to the federal court. Subsequently, the defendants moved to dismiss the action because the question had become res judicata that this same alleged claim should be transferred to the United States District Court for the Southern District of New York. The district court granted that motion.

■■■ That the district court erred seems clear for either of two reasons: First, the order of transfer was not a final judgment, and the rules of res judicata apply only to final judgments;[2] second, "res judicata is no defense where between the time of the first judg-

1. "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." 28 U.S.C.A. § 1391 (a).

2. A.L.I. Restatement of Judgments, § 41; 30A Am.Jur. Judgments, § 340; 50 C.J.S. Judgments § 620.

ment and the second there has been an intervening decision or a change in the law creating an altered situation." State Farm Mut. Auto Ins. Co. v. Duel, 1945, 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812; see also 30 Am.Jur. Judgments, § 335; 50 C.J.S. Judgments § 650, p. 95.

■ The contract of employment forming the basis of the action was alleged to have been made in 1953 and modified in 1954. Three of the individual defendants, Berg, Dimson and Henkind, were served with process by service on the Secretary of State of Texas pursuant to Article 2031b Vernon's Ann. Texas Civil Statutes which became effective on August 10, 1959. Judge Ingraham in Lone Star Motor Import, Inc. v. Citroen Cars Corp., S.D.Tex., 1960, 185 F.Supp. 48, 51, held that Article 2031b was remedial and should be given a retroactive effect. That part of Judge Ingraham's decision was upheld by this Court on appeal. Lone Star Motor Import, Inc. v. Citroen Cars Corp., 5 Cir., 1961, 288 F.2d 69, 72. Judge Garza has, however, had strong convictions that Article 2031b does not apply retroactively to a claim arising prior to the enactment and effective date of the statute. Rozell v. Kaye, S.D.Texas, 1961, 197 F.Supp. 733; second opinion 1962, 201 F.Supp. 377. Judge Garza concluded his second opinion as follows:

> " * * * under the authority granted to this Court under 28 U.S. C.A. § 1292(b), will state that since my action involves a controlling question of law as to which there is substantial ground for difference of opinion, and that I believe that an immediate appeal from the order may materially advance the ultimate determination of the litigation, so that the Plaintiff may ask the Court of Appeals in its discretion to permit an appeal to be taken from such order."

201 F.Supp. at p. 379. We find, however, that the plaintiff did not make application to this Court for permission to take such an interlocutory appeal. The Dallas Court of Civil Appeals of Texas, while not definitely so holding, has indicated a view that the Article does apply retroactively. McCarty v. Hinman, 1960, 342 S.W.2d 29, 32 (no writ history). In the absence of some authoritative decision of the Supreme Court of Texas on the question, we adhere to the ruling in Lone Star Motor Import, Inc. v. Citroen Cars Corp., supra, and hold that the substitute service on the three defendants was authorized.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.