**Al BEDFORD, Appellant,**

v.

**Joseph DILLINGER and Phyllis Dillinger, Appellees.**

**No. 19605.**

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1962.

584

---

David B. Kultgen, Pat Beard, Waco, Tex., for appellant.

Wilford W. Naman, Waco, Tex., for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This is a very simple case which may be as simply decided. Al Bedford, appellant, entered into a contract with Joseph and Phyllis Dillinger, residents of Pennsylvania, negotiated and executed in Dallas, Texas, to sell life, health and accident insurance in Texas for American Income Life Insurance Company through a partnership formed by the terms of the contract. The partnership conducted such business in Texas subsequent to this execution of the contract. In Texas, Joseph Dillinger made arrangements for a lease in the Southland Building, Dallas, Texas, which he signed, helped in recruiting agents, and firing them, conducted sales meetings, get-togethers, parties and banquets for the men, and had a bank account in Texas on which he had authority to sign checks. The partnership was terminated in Texas. Paragraph 13B of the contract provided that upon termination, Al Bedford was to receive one-half of the commissions on business written prior to termination. Joseph Dillinger was a general agent of American Income Life Insurance Company, and his contract with the company was incorporated in the partnership agreement.

Unable to obtain an accounting and settlement, Bedford sued the Dillingers in Texas by service under Section 3 of Art. 2031b, Vernon's Texas Statutes.[1] The district judge, holding that such service was not sufficient to confer jurisdiction, dismissed the suit, and this appeal followed.

A single question is presented for decision. Where a partnership agreement provides for the payment of certain commissions to a partner, upon termination of the partnership, can the partner in a suit for the commissions acquire jurisdiction over his non-resident former partners by citation upon the Secretary of State of Texas subsequent to the dissolution of the partnership, where the non-resident actively participated in the partnership business in the State of Texas.

We think it clear, upon principle and authority,[2] that appellant is right and the judgment must be reversed and the cause remanded for further and not inconsistent proceedings.

Reversed and remanded.

---

1. Sec. 3 of Art. 2031b, Vernon's Texas Statutes provides:

"Any foreign corporation, association, joint stock company, partnership, or non-resident natural person that engages in business in this State, irrespective of any statute or law respecting designation or maintenance or resident agents, and does not maintain a place of regular business in this state or a designated agent upon whom service may be made upon causes of action arising out of such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, joint stock company, association, partnership, or non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such corporation, joint stock company, association, partnership, or non-resident natural person is a party or is to be made a party."

2. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Electrical Equip. Co., Inc. v. Daniel Hamm Drayage Co., 8 Cir., 217 F.2d 656; and Muchard v. Berenson et al., 5 Cir., 307 F.2d 368.