## STATE ex rel. CLAY EQUIPMENT CORPORATION, Relator,

v.

### Honorable Richard C. JENSEN, Judge, Division 13 of the Circuit Court of Jackson County, Missouri, Respondent.

No. 49418.

Supreme Court of Missouri,

En Banc.

Jan. 14, 1963.

Rufus Burrus, Independence, for relator.

Russell D. Jacobson and Max W. Foust, Foust & Lyons, Kansas City, for respondent.

DALTON, Judge.

This is an original proceeding in prohibition. Relator seeks to prohibit the respondent Judge from proceeding with the trial of a $500,000 personal injury damage suit instituted by one Charles Elliston in the Circuit Court of Jackson County against relator, Clay Equipment Corporation. Relator is a corporation organized· and· existing under the laws of the State of Iowa, and not licensed to do business in Missouri. Relator's "Special Plea to Jurisdiction of Defendant Clay Equipment Corporation" was filed and overruled and respondent will proceed to try the cause, unless prohibited by this court.

In his petition the plaintiff, Elliston, alleged: "* * * that said corporation has by and through its agents, servants and employees committed a tort as hereinafter described against the plaintiff herein, a resident of the State of Missouri; that the aforementioned tort was committed within this state; that since said corporation has no regularly and lawfully appointed agent in Missouri for the reception of service of process that plaintiff, under the provisions of sub-sections 2–5, Section 351.630 R.S.Mo., 1961 Supp.Mo.Laws 1961, V.A.M.S., directs the Secretary of State to immediately cause copies of this petition to be forwarded by registered mail, return receipt requested, to the secretary of said corporation whose name and address is Roger L. Clay, Cedar Falls, Iowa." Service of process was attempted in the manner directed and the defendant (relator herein) appeared specially to contest the circuit court's jurisdiction.

Respondent admits that "The basic question involved here is whether jurisdiction over the person of the relator was acquired by service of process upon it under the provisions of paragraph 2, Section 351.630 R.S.Mo., 1961 Supp."; and respondent says that the question "narrows to the sole issue of whether the provisions of paragraph 2 (which went into effect on October 13, 1961) are applicable to the casualty which occurred on February 25, 1961 and gave rise to the cause of action which relator seeks to prohibit respondent from hearing."

It is therefore apparent that the case involves the construction of subsection 2 of Sec. 351.630 RSMo 1959, as amended Laws 1961, p. 257 (Supp. Revised Statutes of Missouri Annotated, page 358), V.A.M.S. The particular portion of the statute to be construed is as follows:

Sec. 351.630(2). *"If a foreign corporation commits a tort,* excepting libel and slander, in whole or in part in Missouri against a resident or nonresident of Missouri, *such acts shall be deemed to be doing business in Missouri* by the foreign corporation *and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of state of Missouri and his successors to be its agent and representative to accept service of any process in any actions or proceedings against the foreign corporation arising from or growing out of the tort.* Service on the secretary of state of any such process shall be made by delivering to and leaving with him or with any clerk having charge of the corporation department of his office, duplicate copies of the process. *The committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Missouri."* (Italics ours.)

Respondent's position is also well stated in his return to our preliminary rule, as follows: " * * * that despite the fact that the cause of action pending before respondent under the style of Charles Curtis Elliston v. Martin Dale Shrout, et al. (Jackson County Circuit Court No. 127,792) arose on February 25, 1961, and that service of process in said cause was effected under the provisions of sub-section 2–5, Section 351.630 R.S.Mo. (1961 Supp.), which did not become effective until October 13, 1961, that such service of process was valid, lawful and effective because the aforesaid statutory provisions only modified an existing remedy or gave to plaintiff Charles Curtis Elliston a remedy which he did not previously possess (that is to say, another method of service of process whereby jurisdiction over the person of relator could be obtained), and that said provisions apply to all actions falling within the terms of said statutory provisions whether commenced before or after their enactment, unless a contrary intention has been expressed by the legislature, and that no such contrary intention is so expressed in said statutory provisions; and further that said service of process has not disturbed, altered, impaired, created, defined or regulated any of relator's substantive or vested rights."

The parties agree that the issue for determination is whether the quoted part of the Act is prospective in its application and substantive in character, as contended by relator, or whether it is exclusively remedial and procedural in character and the statutory language implies a retroactive construction and application, as contended by respondent.

In this connection respondent relies particularly upon State ex rel. Sweezer v. Green, 360 Mo. 1249, 232 S.W.2d 897, 900 (4–5), 24 A.L.R.2d 340, wherein the court said: " ' "Retroactive" or "retrospective" laws are generally defined, from a legal viewpoint, as those which take away or impair vested rights acquired under existing laws, or *create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past.'* * * * A statute is not

retrospective because it merely relates to prior facts or transactions *but does not change their legal effect,* or because some of the requisites for its action are drawn from a time antecedent to its passage, or because it fixes the status of a person for the purpose of its operation. * * * We have many times held that a statute is not retrospective in its operation within the constitutional prohibition, unless it impairs a vested right. * * * Nor is an act retrospective if it but substitutes a remedy or provides a new remedy." (Italics ours.) 232 S.W.2d 900(4–5).

Respondent concedes "that there is a general prohibition against retroactive construction or application of laws," but insists that there is *an exception* to this rule "where the law seeking retroactive application or construction is remedial or procedural in its nature, *unless a contrary intention has been expressed by the legislature*"; and that "this is so, providing the enactment doesn't disturb, alter, destroy, impair, create, define or regulate substantive or vested rights." (Italics ours.) And see Article I, Sec. 13 Constitution of Missouri 1945, V.A.M.S., which in substance bars the Legislature of this state from passing a retroactive law, as follows: "That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted."

■ The mentioned constitutional provision does not apply in some cases, as for example, to a statute dealing only with procedure or the remedy. In such case the statute applies to all actions falling within its terms, whether commenced before or after the enactment, that is, unless a contrary intention is expressed by the legislature, and a statute affecting only the remedy may apply to a cause of action existing at the time the statute was enacted. See Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852. Darrah v. Foster, Mo.Sup., 355 S.W.2d 24, 29(3); Aetna Insurance Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3,

8. The rule governing the applicability of a procedural statute is stated in Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40, 43, as follows: "No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, prima facie it applies to all actions—[including] those which have accrued or are pending and future actions."

Is subsection 2 of the questioned statute prospective and substantive in character or is it exclusively remedial and procedural in character? A careful examination of the statute is required in order to determine *the legislative intent* as expressed by the words used in the statute.

■ The basic rule of statutory construction is to seek the intention of the lawmakers and, if possible, to effectuate that intention, and the court should ascertain the legislative intent from the words used, if possible, and should ascribe to the language used, its plain and rational meaning. State ex rel. Wright v. Carter, Mo.Sup., 319 S.W.2d 596, 599; A. P. Greene Fire Brick Co., v. Missouri State Tax Commission, Mo.Sup., 277 S.W.2d 544, 545(3); Tiger v. State Tax Commission, Mo.Sup., 277 S.W.2d 561, 564(2, 3); Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22, 25(3).

■ We think that subsection 2, of Sec. 351.630 RSMo 1959, as amended Laws 1961, p. 257, V.A.M.S., evidences a clear intention on the part of the Legislature that the statute shall operate prospectively only. It expressly says: "If a foreign corporation commits a tort." This statement points to a happening in the future. The statute does not say, "If a foreign corporation has committed a tort at sometime in the past, or before, this statute goes into effect."

The statute further states: "* * * *such acts shall be deemed to be* doing business in Missouri * * * and *shall be deemed* equivalent to the appointment [et cetera]." (Italics ours.) Again the statute evidences an intention to look to the future.

The closing sentence of the subsection also evidences an intention that the statute apply prospectively, since it states the results which *shall* follow the commission of the tort.

■■ We cannot construe the statutory provision to apply to the commission of torts which predated the effective date of the Act. To do so would be to attach a new obligation or duty and impose a new *disability* in respect to prior acts and transactions. To apply the statute retroactively would be to change *the legal effect of past transactions.* The commission of a tort by the foreign corporation imposed no such obligation or duty, nor did it have such a legal effect, when the alleged tort was committed. Further, a statute must be construed, if possible, so as to give it force and effect and render it operative. Spicer v. Spicer, 249 Mo. 582, 155 S.W. 832, 837 (10, 11); State ex rel. Perkins v. Long, 275 Mo. 169, 204 S.W. 914, 916(1, 2). If a statute on its face is open to two reasonable constructions, it will be given that which makes it effective. State ex rel. McAllister v. Dunn, 277 Mo. 38, 209 S.W. 110, 112 (3).

■ Further, as a general rule, statutes are construed to operate prospectively unless the legislative intent that they be given retrospective or retroactive operation *clearly appears from the express language of the acts, or by necessary or unavoidable implication.* Jamison v. Zausch, 227 Mo. 406, 126 S.W. 1023, 1027; State ex rel. Harvey v. Wright, 251 Mo. 325, 158 S.W. 823, 829(12); Barbieri v. Morris, Mo.Sup., 315 S.W.2d 711, 714(4); 82 C.J.S., Statutes § 414, p. 981. Many cases hold that acts of the Legislature must be held to operate prospectively only, unless a different legislative intention is clearly to be gathered from their terms. Clark Estate Co. v. Gentry, 362 Mo. 80, 240 S.W.2d 124, 129 (6).

In the case of Graham Paper Co. v. Gehner, 332 Mo. 155, 59 S.W.2d 49, Court en Banc held that income tax under an amendatory statute not going into effect during the first half of the calendar year and providing that specific rates should be levied for the calendar year named and annually thereafter, was held computable under the old law until the date the amendment went into effect and under the amended law thereafter. In this case the Court held that: "A new or an amendment of an existing statute which reaches back and creates a new or different obligation, duty, or burden which did not exist before the new law itself became effective, or which makes the obligation or burden begin at a date earlier than the date of going into effect of the law itself, is retroactive in its operation and unconstitutional. A law is retroactive in its operation when it looks or acts backward from its effective date, and if it has the same effect as to past transactions or considerations as to future ones, then it is retrospective." (59 S.W.2d 49, 50[1–3].)

In Dye v. School Dist. No. 32 of Pulaski County, 355 Mo. 231, 195 S.W.2d 874, 879, the Court said: "A retrospective law is one that relates back to, and gives to a previous transaction, some different legal effect from that which it had under the law when it occurred. A statute is not retrospective merely because it relates to antecedent transactions, where it does not change their legal effect." In the case of Willhite v. Rathburn, 332 Mo. 1208, 61 S.W.2d 708, 711[7–9] the Court said: "The constitutional inhibition against laws retrospective in operation (section 15, article 2, Constitution of Missouri) does not mean that no statute relating to past transactions can be constitutionally passed, but rather that none can be allowed to operate retrospectively so as to affect such past transactions to the substantial prejudice of parties interested. A law must not give to something already done a different effect from that which it had when it transpired." Also see 16A C.J.S. Constitutional Law § 414, p. 90.

In the case of In Re Armistead, 362 Mo. 960, 245 S.W.2d 145, 151, in considering

the validity of certain assessments, the Court said: "No doubt the General Assembly intended to levy the 1947 tax upon the entire yield during calendar 1946. The original Act specifically provided that the tax *'for the year 1947* and each succeeding year shall be based on the yield of said property *during the preceding calendar year'*. * * * But the Act itself, and the levies made thereunder, did not become operative until July 1, 1946. The assessments here were for calendar 1947, and were based upon the properties' yields for calendar 1946 under what are now Secs. 146.020 and 146.030. Thus, the yields upon which the assessments for 1947 were based included yields for six months before the law levying the tax became operative. Under such circumstances, the Act is clearly 'retrospective in its operation.' The assessments for 1947 violated the provisions of Art. I, Sec. 13, 1945 Const., prohibiting retrospective operation of laws."

In the case of Hill v. Electronics Corporation of America, an Iowa case decided by the Supreme Court of Iowa, and reported in 113 N.W.2d 313, the court held that a statute providing that if a foreign corporation commits a tort in Iowa against a resident thereof, such action shall be deemed to be doing business for the purpose of service of process and to constitute the appointment of the Secretary of State as agent upon whom process could be served, was not merely a remedial and procedural statute, but affected substantive rights and did not operate retrospectively.

In the case of Gillioz v. Kincannon, decided by the Supreme Court of Arkansas, and reported in 213 Ark. 1010, 214 S.W.2d 212, the court held that an act providing that any non-resident not qualified to do business in the state, who shall do business or perform work within the state, shall be deemed to have appointed the Secretary of State as agent on whom process may be served in any action arising out of non-resident's doing of business or performing work within the state, could not constitutionally be applied to a non-resident who came into

the state to transact lawful business, but who had departed from the state prior to enactment of the act. The court further held that in its prospective operation the Act did not violate due process, or the privileges or immunities clauses of the constitution, but, insofar as the Act was retroactive, it was unconstitutional because it destroyed a substantive right enjoyed prior to the enactment of the Act.

In the case of Rozell v. Kaye, U. S. Dist. Court, S.D. Texas, 201 F.Supp. 377 (1962) the court said:

"This case is before the Court, again, on a motion of the Plaintiff to set aside an order quashing service of process issued in accordance with the memorandum opinion of this Court heretofore written and which is to be found in 197 F.Supp. 733.

"In that opinion, this Court held that Vernon's Ann.Civ.St.Tex., Art. 2031b, Section 6, dealing with service of process on foreign corporations and nonresidents, in case of nonresidency after accrual of cause of action, by service on the Secretary of State, did not apply retroactively to cause of action arising prior to enactment and effective date of said statute.

"The Plaintiff, in his motion to set aside said order to quash, submits that this Court erred in such holding because said statute allowing substitute service is a remedial or procedural statute which is not subject to the Texas constitutional prohibition against retroactive laws." After review of the authorities the court denied the motion.

In his return to our preliminary rule in prohibition the respondent stated (with reference to subsections 2–3 of Section 351.630 RSMo., 1959, as amended Laws 1961, p. 257, V.A.M.S.) as follows: "[T]hat said provisions apply to all actions falling within the terms of said statutory provisions whether commenced before or after their enactment *unless a contrary intention has been expressed by the legislature,* * * * and further that said service of process has not disturbed, altered, impaired, created, defined

**672**

or regulated any of relator's substantive or vested rights." (Italics ours.)

We have heretofore held that, from an examination of the section and subsections in question, the Legislature intended the Act to be prospective in its application; and that to hold otherwise would make the section unconstitutional and void, because it would change *the legal effect* of past actions and would impose new duties and attach new disabilities in respect to transactions or considerations already · past. In view of our holding with reference to *legislative intent* as expressed in the section, it is unnecessary to further consider respondent's position and authorities.

Our preliminary rule in prohibition *should be made absolute.* It is so ordered.

All concur.