George Joseph **ROZELL**

v.

John **KAYE, D.O.**

Civ. A. No. 1998.

United States District Court
S. D. Texas,
Corpus Christi Division.

Dec. 1, 1967.

————————

Wade & Howard, Virgil Howard, Corpus Christi, Tex., and Bedford D. Edwards, Waco, Tex., for plaintiff.

## MEMORANDUM AND ORDER OF TRANSFER

GARZA, District Judge.

This action for malpractice has been on file in this Court since the 4th day of February, 1961. The cause was originally filed by the Plaintiff, George Joseph Rozell, in the 156th District Court of San Patricio County, Texas, and was removed by the Defendant to this Court.

Contemporaneously with such removal, Defendant filed his motion to quash service and to dismiss, urging the Court that service of process upon him was improperly had.

This service was service by nonresident notice under the Texas Rules of Procedure. In his motion, the Defendant, by affidavit, claimed that he had been a resident of the State of Florida since September, 1959, and this fact remained undisputed by the Plaintiff.

The Plaintiff conceded that said motion to quash, when filed, was good, and took steps to correct the insufficiency of the process by having the Secretary of State of the State of Texas served in accordance with the provisions of Art. 2031b, Vernon's Annotated Civil Statutes of Texas.

The Defendant, after service on him through the Secretary of State of the State of Texas, again moved to have this service quashed and the cause dismissed on the grounds that Art. 2031b could not be applied retroactively.

The Court granted the motion to quash, but refused to dismiss the action. See Rozell v. Kaye, D.C., 197 F.Supp. 733.

A motion to reconsider the order granting the motion to quash was filed, and the Court wrote a second time on this matter. See Rozell v. Kaye, D.C., 201 F.Supp. 377.

In the second order, permission was given under authority of 28 U.S.C. § 1292(b) for the Plaintiff to request permission of the United States Court of Appeals for the Fifth Circuit to appeal

the order. Either the Plaintiff did not avail himself of this or the Court did not entertain it.

The case has remained dormant on the docket for failure of the Plaintiff to get service on the Defendant.

The Plaintiff has now filed his motion to transfer this action to the United States District Court for the Middle District of Florida, Jacksonville Division, where the Defendant resides.

A copy of the motion and the notice of bringing it before the Court was sent to the attorneys who represented the Defendant before this Court, the law firm of Lewright, Dyer & Redford, and in particular to Mr. W. N. Woolsey of said firm. By letter to a judge of this Court, that firm acknowledged receipt of the motion and the notice, but said that since Dr. Kaye was not before the Court, they felt they were not authorized to make any character of appearance for him.

In his brief submitted in connection with his motion, the Plaintiff is relying on 28 U.S.C. § 1404(a) for authority to make such transfer. His reliance on this section is misplaced, but the motion may and will be considered as being made under 28 U.S.C. § 1406(a).

I find that at the time this suit was filed in Texas it could have been filed against the Defendant where he resided in the State of Florida, and that he being a resident of Florida as claimed in his affidavit, and the Plaintiff being a resident of Texas, the suit could have been brought in a federal court in Florida.

Since this litigation cannot proceed here, in the interest of justice, under the authority granted under said Section 1406(a) of Title 28, U.S.C., and under authority of Dubin v. United States, 380 F.2d 813, CCA 5, 1967, this cause is hereby transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, where apparently personal service may be had on the Defendant; and the Clerk will transfer said cause to that Court.