**UTILICORP UNITED, INC., d/b/a Missouri Public Service, a corporation, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 71934.

Supreme Court of Missouri, En Banc.

March 13, 1990.

Barry V. Cundiff, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Utilicorp United, Inc., sought a declaratory judgment that sections 144.190 and 32.-065, RSMo 1986, require the Director of Revenue to pay interest on a refund of illegally collected taxes. The circuit court determined that sections 144.190 and 32.-065 do not apply retrospectively and denied Utilicorp interest on its refund. Affirmed in part and reversed in part.

Utilicorp filed an application with the Director of Revenue seeking a refund of $37,-204.30 for use taxes paid for the period July 1982 through December 1983. The Director denied the application; the Administrative Hearing Commission upheld the denial. On appeal, the Missouri Supreme Court, by decision July 14, 1987, reversed the Director's denial of Utilicorp's application for refund. *See Missouri Public Service Company v. Director of Revenue*, 733 S.W.2d 448 (Mo. banc 1987). Utilicorp then demanded a refund of the $37,204.30, with interest, pursuant to sections 144.190.2 and 32.065. On February 18, 1988, the Director refunded the principal amount, and refused to pay interest. The declaratory judgment action followed.

Utilicorp filed its application for refund February 27, 1984, and now claims the right to interest from the 1982–1983 period to February 18, 1988, on the $37,204.30 refund based upon the statute in effect when its request for refund was resolved favorably by this Court. § 144.190.2, RSMo 1986. Utilicorp contends sections 144.190 and 32.065 apply retrospectively to the period when the taxes were wrongfully collected. Although cognizant of the prohibition against retrospective laws in article I, section 13, of the Missouri Constitution,

Utilicorp contends this prohibition does not apply to laws which are purely procedural or remedial, or operate against the state itself. *State ex rel. Clay Equipment Corp. v. Jensen*, 363 S.W.2d 666, 669 (Mo. banc 1963).

A legislative provision for the allowance of interest when the same is forbidden in the absence of legislation is a law of substance rather than procedure. Where retrospective application against the state is permitted, statutes are construed to operate prospectively, unless legislative intent that they be given retrospective or retroactive operation is expressed by the language of the act, or arises by necessary or unavoidable implication. *Pipe Fabricators, Inc. v. Director of Revenue*, 654 S.W.2d 74, 77 (Mo. banc 1983); *Clay*, 363 S.W.2d at 670.

Section 144.190.2, RSMo 1986, was amended effective August 13, 1986, to read:

2. If any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person legally obligated to remit the tax under sections 144.-010 to 144.510, and the balance, with interest as determined by section 32.065, RSMo, shall be refunded to the person legally obligated to remit the tax, but no such credit or refund shall be allowed unless duplicate copies of a claim for refund are filed within three years from date of overpayment.

"[W]ith interest as determined by section 32.065" is the pertinent part amended and it does not express legislative intent to allow retrospective payment of interest on refunds, either directly or by necessary or unavoidable implication. Section 32.065, RSMo 1986, provides no clarification. Although reenacted in the same legislation that amended section 144.190.2, its relevant provisions were unchanged. Compare H.B. 1351 et al., Laws, Mo.1982, to S.B. 669, Laws, Mo.1986.

The original purpose of section 32.065 was to set an annual rate of interest to be

applied by the Director to outstanding delinquencies for various taxes contained in chapters 142 through 149 of the Missouri statutes. As of August 13, 1986, section 32.065 is also used to compute the rate of interest on refunds pursuant to section 144.190.2, RSMo 1986.

 Under the terms of section 144.190.-2, RSMo 1986, interest shall be paid, as determined by section 32.065, RSMo 1986, on all erroneously or illegally collected or computed taxes after August 13, 1986. Utilicorp's application for refund was filed in 1984, and it related to taxes paid in 1982 and 1983. As of August 13, 1986, the date of enactment of section 144.190.2, $37,-204.30 in use taxes had been erroneously and illegally collected from the taxpayer by the Director, and the statute asserts that interest must be paid on $37,204.30 from August 13, 1986, until February 18, 1988, the date when the Director paid the principal to Utilicorp.

Because interest is awarded from August 13, 1986, to February 18, 1988, it is unnecessary to consider Utilicorp's contention under section 408.040.1, RSMo 1986, that interest should be granted from July 14, 1987, to February 18, 1988.

The judgment against retrospective application of sections 144.190.2 and 32.065 is affirmed; the judgment is otherwise reversed for payment of interest on the $37,-204.30 refund from August 13, 1986, to February 18, 1988.

All concur.