JESSE T. JAMISON, Appellant, v. HANORA ZAUSCH, HENRY ZAUSCH, Executor of MARY JAMISON, and MERCANTILE TRUST COMPANY.

Division Two, March 31, 1910.

1. **SEPARATE ESTATE TO WIFE: Husband's Curtesy: Intention.** A deed to a husband as trustee of the wife, for the separate use and benefit of the wife, will be held to bar the said husband's right to curtesy therein, if it clearly appears from the language of the instrument that it was the intention of the grantor that the said husband should not have curtesy. By such a deed an equitable estate of inheritance is vested in the wife, which upon her death intestate descends to her legal heirs, free from the curtesy of her husband named as trustee.

2. ————: ————: **Wife's Death Testate or Intestate.** And where the deed to the husband as trustee for the separate use and benefit of the wife recited that "upon the decease of said third party, said trustee shall and will convey all interest in him in said real estate in accordance with the said will of the said third party; but in case said third party should leave no will, then said trustee shall and will convey the said real estate to the legal heirs of said third party," his right to any interest in the estate was not affected or impaired by the wife's will, but by the deed, and it is wholly immaterial, in determining what interest he has therein, whether or not she died testate or intestate, for in either case, by the terms of the deed, he has none.

3. ————: ————: **Statute of 1895: Widower's Dower.** The husband named as trustee in such a deed, conveying to him an equitable estate by inheritance for the separate use and benefit of his then wife, is not, upon her death, without descendants, leaving a will by which she devises the property to others, entitled to an undivided one-half thereof under the statute (Sec. 2938, R. S. 1899) which says that "when a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts." His rights and hers were fixed by the deed when he accepted the trust, and were not affected or impaired by the said Act of 1905 subsequently enacted.

4. **TRUST: Acceptance of Trust: Signing Deed.** It is not necessary for an acceptance of the trust by the trustee named in the deed that he sign it. If he knew of the execution of the instrument, acquiesced in it without objection, and with the beneficiary entered into possession in accordance with its terms and thereafter made no disclaimer, he will be held to have accepted it.

5. ———: ———: **Relation: Subsequent Statute: Vested Rights.** And the trustee's acceptance related back to the date of the deed, and his rights and those of his wife were thereby fixed, and thereafter it was beyond the power of the Legislature to disturb the rights so vested by an act which gives the widower one-half the property which his wife, who dies without descendants, owns at the time of her death, subject to debts. Such statute as to vested rights cannot operate retrospectively.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*W. B. & Ford W. Thompson* for appellant.

The deed in question from Kilpatrick and wife to Mary Jamison is dated October 18, 1888. At that date plaintiff and Mary Jamison were husband and wife, and, therefore, unless the terms of the deed when properly construed are such that his right is excluded, the husband would be entitled, under the common law and statute of this State in existence at that time, to the possession and enjoyment and usufruct from the land during the lifetime of his wife, and in the event that during the coverture they had lawful issue, born alive, which might have been capable of inheriting the estate, he would have been entitled to curtesy therein. Myers v. Hansbrough, 202 Mo. 495. The language of the deed from Kilpatrick and wife to Mary Jamison fails to indicate a purpose to deprive the husband of his right to dower therein, as well as curtesy, conceding, for the moment, that this question is at all essential or necessary to a decision of a case where the

wife has attempted to exclude the husband, not by conveyance during her lifetime, but by will operative after her death. Kennedy v. Koopman, 166 Mo. 87; R. S. 1899, sec. 4603; Myers v. Hansbrough, 202 Mo. 495; Soltan v. Soltan, 93 Mo. 307; Tremmel v. Kleiboldt, 75 Mo. 255; Woodward v. Woodward, 148 Mo. 241; O'Brien v. Ash, 169 Mo. 283; Waters v. Herboth, 178 Mo. 166; Spurlock v. Burnett, 183 Mo. 524; Gilroy v. Brady, 195 Mo. 205; Ferguson v. Gentry, 206 Mo. 189.

*T. R. Skinker* and *Rassieur, Kammerer & Rassieur* for respondents.

(1) The Kilpatrick deed created a separate equitable estate in Mary Jamison, wife of appellant, and excluded appellant from all marital rights therein. McTigue v. McTigue, 116 Mo. 138; McBreen v. McBreen, 154 Mo. 323; 1 Washburn, Real Prop. (5 Ed.), p. 176, sec. 15; Tyler, Infancy and Coverture (2 Ed.), sec. 286; Bernet v. Davis, 2 P. Wms. 316; Cooper v. McDonald, 7 L. R., Ch. D. 288. (2) In construing the terms of deeds creating separate equitable estates in the wife, this court has uniformly based its conclusions upon what it has found to be the intention of the parties as ascertained from the language employed in the instrument, McTigue v. McTigue, 116 Mo. 138; McBreen v. McBreen, 154 Mo. 323; Woodward v. Woodward, 148 Mo. 241; O'Brien v. Ash, 169 Mo. 283. (3) (a) Appellant having accepted the trust created by the Kilpatrick deed, and having, by the terms of the deed, covenanted that he would, upon the death of his wife, "convey all interest yet in him in said real estate in accordance with the will of said third party" (his wife), he thereby waived and relinquished all prospective rights he might otherwise have had in the property conveyed in the deed. McBreen v. McBreen, 154 Mo. 323; Crum v. Sawyer, 132 Ill. 443; Heisen v. Heisen, 145 Ill. 658; 21 Cyc. 1161. (b) Having accepted the trust, and having entered into possession of the prop-

erty under the terms of the deed, appellant is now estopped from claiming that the covenants therein are void and unenforceable against him.  McBreen v. Mc-Breen, 154 Mo. 323; Crum v. Sawyer, 132 Ill. 443; Heisen v. Heisen, 145 Ill. 658.  (4) The contract made by appellant to convey all interest in the property yet in him upon the death of his wife, in accordance with the provisions of her will, was not affected or impaired by the Act of 1895 (R. S. 1899, sec. 2938), which went into effect seven years after the execution and delivery of the deed.  Constitution, art. 2, sec. 15; Cooley, Const. Lim. (7 Ed.), p. 383; Fletcher v. Peck, 6 Cranch 87; Fisher v. Patton, 134 Mo. 32.

BURGESS, J.—This is a suit to partition two parcels of ground in the city of St. Louis, at the southeast corner of Prairie and Easton avenues.  Plaintiff is the widower of Mary Jamison, to whom he was married in 1865, and who, at the time of her death, was the owner of the two parcels sought to be partitioned. One, the larger parcel, was acquired from Claud Kilpatrick and wife by deed dated October 18, 1888; the other from William G. Ashby, by deed dated June 4, 1904.  The said Mary Jamison died on the 29th day of January, 1906, leaving a will, which was duly probated in the probate court of the city of St. Louis on the 31st day of January, 1906, wherein and whereby she nominated and appointed her nephew, Henry Louis Zausch, defendant herein, as executor, authorizing him to take charge of said real estate, to collect the rents therefrom, and after the payment of her debts and the expenses of administration, to pay not less than thirty dollars monthly to her husband, the plaintiff, during the administration of her estate; and also appointed the defendant Mercantile Trust Company as trustee with power to hold, manage and control all the rest and residue of her estate, and to pay four-fifths the income thereof to the plaintiff during the period of his life, and the remainder of the income to

the defendant Hanora Zausch, sister of the testatrix; the remainder in fee of said trust estate, after the expiration of said life estate, to go to the said Hanora Zausch, her heirs and assigns, forever.

The deed from Claud Kilpatrick and wife was as follows:

"This deed, made and entered on this 18th day of October, 1888, by and between Claud Kilpatrick and Dolly L. Kilpatrick, his wife, of the city of St. Louis, State of Missouri, parties of the first part, and Jesse Jamison, party of the second part, and Mary Jamison of the same place, party of the third part.

"Witnesseth: That the said parties of the first part, for and in consideration of the sum of forty-five hundred dollars, to them in hand paid by the said party of the third part, the receipt of which is hereby acknowledged, and the further sum of one dollar to them paid by the said party of the second part, the receipt of which is also hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, his heirs and assigns, and his successors in trust forever, the following described real estate, situated in the city of St. Louis, State of Missouri, to-wit: [Then follows a description of the property conveyed.]

"To have and to hold the same, together with all and singular the privileges and appurtenances thereunto belonging or in anywise appertaining unto the said party of the second part, his heirs and assigns, and to his successors in trust forever.

"In trust, however, for the whole and separate, benefit and behoof of the said Mary Jamison, her heirs and assigns, and entirely free from all control, restraint or interference, as well as the estate by curtesy and all the debts of her husband. The said Mary Jamison to have, hold, to use, occupy and enjoy the exclusive and undisturbed possession of said real estate and the appurtenances thereunto belonging, with

power to direct the sale or lease or other disposal of the same at her will and pleasure, and to receive to her own separate use and benefit the proceeds of such sale and all rents and profits arising or accruing from the lease or other disposal of the same, the said party of the second part holding said real estate subject at all times to the direction in writing under her hand and seal without the intervention of her husband, of the said Mary Jamison, her heirs and assigns, as to the disposal of the said real estate, whether by lease, conveyance in fee, mortgage, assignment or transfer of this trust or otherwise. Upon the decease of said third party said trustee shall and will convey all interest yet in him in said real estate in accordance with the said will of the said third party; in case said third party should leave no will, then said trustee shall and will convey the said real estate to the legal heirs of said third party. And the said Mary Jamison shall have the power, at any time hereafter, whenever she shall from any cause deem it necessary or expedient, by an instrument in writing under her hand and seal, and by her acknowledged, to nominate or appoint a trustee or trustees in place and stead of the party of the second part above named, which trustee or trustees, or the survivor of them, or the heirs of such survivor shall hold the said real estate on the same trust above recited; and upon the nomination or appointment of such new trustee, the estate in trust hereby vested in said party of the second part shall thereby be fully transferred and vested in the trustee or trustees so appointed by the said Mary Jamison.''

This deed was signed and acknowledged by the said grantors on the 5th day of November, 1888.

The deed from William G. Ashby to Mary Jamison, of date of the 4th day of June, 1904, was a regular warranty deed, without the intervention of a trustee. It conveyed a lot adjoining that conveyed by the Kilpatrick deed.

At the trial, plaintiff testified that he had not paid anything for the deed from the Kilpatricks, and that there was an arrangement between him and his wife that he was to be made trustee in the deed. He also stated that he had signed as trustee, although the deed shows that it was not so signed by him. The evidence shows that there was no issue born of the marriage of plaintiff and Mary Jamison, deceased, and that she had at the time of her demise no descendants in being capable of inheriting.

Upon the above evidence the court found that plaintiff was entitled, under section 2938, Revised Statutes 1899, to an individual one-half interest in the property acquired by Mrs. Jamison from William G. Ashby, and that he was entitled to partition thereof; but as to the property acquired from Claud Kilpatrick and wife, the court held that plaintiff had no interest therein, excepting that given to him by the will of his wife, and that as to that interest he was not entitled to partition. Judgment was entered accordingly. After an unsuccessful motion for a new trial, plaintiff appealed to this court.

The sole material question on this appeal is, whether the deed from Kilpatrick and wife deprived the plaintiff of the interest which he claims under the provision of the Act of 1895 (section 2938, Revised Statutes 1899), which reads: "When a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts."

In construing the terms of deeds creating separate equitable estates in the wife this court has uniformly based its conclusions upon what is found to be the intention of the parties, as ascertained from the language employed in the instrument. The rule is that if the grant or devise be to the wife for her separate use,

and it clearly appears from the conveyance or will that it was the intention of the grantor or devisor that the husband should not be tenant by the curtesy, this intention will govern, and the husband will not be entitled to curtesy. [Tyler on Infancy and Coverture (2 Ed.), p. 431; 1 Washburn on Real Prop. (6 Ed.), sec. 321, p. 147; McTigue v. McTigue, 116 Mo. 138; McBreen v. McBreen, 154 Mo. 323; Woodward v. Woodward, 148 Mo. 241.]

We think that the terms of the deed in question make it very plain that it was the intention of the grantors to wholly deprive the plaintiff, husband of Mrs. Jamison, of his right of curtesy in the land conveyed.

In the McTigue case, supra, the deed under which both parties claimed was in its terms very similar to the Kilpatrick deed, except that the trustee named therein was not the husband of the beneficiary, as in this case. It was held in that case that by the terms of the deed an equitable estate of inheritance was vested in the wife, which, upon her death intestate, descended to her legal heirs, free from the curtesy of her husband.

In the McBreen case, supra, the court said: "Indeed it is the prevailing doctrine in England and the United States that it is not competent at common law, in a grant to a woman of an estate of inheritance, to exclude her husband from his right of curtesy; but it is equally well settled that in equity an estate may be so limited as to give the wife the inheritance, and by words clearly denoting that intention, to exclude and deprive the husband of curtesy;" citing Tiedeman on Real. Prop. (2 Ed.), sec. 105; McTigue v. McTigue, 116 Mo. 138; Grimball v. Patton, 70 Ala. 635; Rigler v. Cloud, 14 Pa. St. 361; Pool v. Blakie, 53 Ill. 495; Haight v. Hall, 74 Wis. 152.

The plaintiff rests his case principally upon the authority of O'Brien v. Ash, 169 Mo. 283. But that

case is essentially different from the case at bar. The deed construed in that case was also a conveyance to a trustee for the sole and separate use of the wife, free from the husband's curtesy, and it was held that the deed undertook to cut off the marital rights of only her *then* husband, and not of any future husband she might have. The husband referred to in the deed having died, the court held that the trust thereupon ceased and terminated, and the use became executed in the beneficiary, and did not thereafter, upon the remarriage of the beneficiary, revive and revest in the trustee. After so construing the deed, the court adds: "In this view of the case, it is unnecessary to discuss whether the Act of 1895 could affect property held by a woman, married or unmarried, under a deed of settlement so formulated as to create a separate equitable estate to the exclusion of all marital rights of any future husband." In that case the court also said: "So long as plaintiff's wife was alive to enjoy the use of her property, it belonged to her free from legislative interference, and the Act of 1895 could have no effect or influence upon it, or of her use or disposition of it whatever; but when death came, and she could no longer enjoy it, her acquisition ceased, and with it the right to direct its future use and ownership only as the legislative will was indicated by the statute then in force upon that subject."

Plaintiff's right of curtesy was not, of course, affected or impaired by his wife's will, but rather by the deed to which he was a party.

In the O'Brien case the husband was not a party to the deed, and simply accepted his statutory right. The fact that plaintiff was a party to the Kilpatrick deed is a most material fact, and makes the case entirely different from that of O'Brien v. Ash, on which plaintiff relies. Had Mrs. Jamison died intestate, plaintiff's right of curtesy would still be barred, for he covenanted in the deed to convey to her legal heirs

in case she made no will.  The words of the deed are: "Upon the decease of said third party, said trustee shall and will convey all interest yet in him in said real estate in accordance with the said will of the said third party; but in case said third party should leave no will, then said trustee shall and will convey the said real estate to the legal heirs of said third party."

It is true that the deed from the Kilpatricks does not show that plaintiff signed the same as trustee, but it has never been held that a trustee named in a deed of trust can accept the trust in no other way than by signing his name to the deed.  He testified that there was an arrangement between his wife and himself that he was to be made trustee in said deed, and he further stated that he signed it as trustee, so that he was evidently under the impression that he had signed it.  In view of these admissions, and the fact that he and his wife entered into possession of the property under the terms of the deed and the further fact that he never made any disclaimer, by word or act, after a lapse of eighteen years (the deed having been executed in October, 1888), we must hold that plaintiff accepted the trust.  In Salter v. Salter, 80 Ga. 178, it was held that the fact that a party permits the title to property to be vested in him as trustee, without objection, makes him a trustee.  In Roberts v. Moseley, 64 Mo. 507, it is said: "After a lapse of years the acceptance of the trust may be presumed, even when no act has been done by the trustee to indicate an acceptance.  In the case at bar there was no act for the trustee to perform.  His duty under the deed, was simply to permit the beneficiary, Mrs. Moseley, to have the use and occupation of the land, and if he had never exercised any control over the property whatever, the fact that he knew of the execution of the deed, and procured a copy for his own use, would amount to an acceptance, in the absence of a disclaimer, by word or act, after the lapse of six years."  Again in Brandon v. Carter,

119 Mo. l. c. 582, this court held that, while acceptance of a trust is necessary to the vesting of a title in the trustee, such acceptance "may often be implied or established by inference." We are of the opinion that the plaintiff is estopped from claiming an interest adverse to the trust under which he held title, and by the terms of which he covenanted to convey all interest yet in him to his wife's devisees.

In Heisen v. Heisen, 145 Ill. l. c. 665, the Supreme Court of that State said: "The husband being *sui juris,* and the (husband's) right of dower conferred by the statute not having been trammeled, or hedged about by rules of law growing out of the disability of married women at common law, no reason exists why he may not release his inchoate expectancy or his right of action for dower, or bar recovery in respect thereof, as he might release or bar any other expectancy or right. And it would necessarily follow that the husband would be barred of his right to assert dower in the lands of his deceased wife, by any act or conduct that would estop him from the assertion of any other right."

Crum v. Sawyer, 132 Ill. 443, was a case where the husband executed to his wife, upon a very valuable consideration, an instrument under seal, by which he released his dower interest, and also covenanted with her and her legal representatives not to assert said right in case he should survive her. The court said: "If then it should be held that a release of dower by a husband directly to his wife is, by reason of their relation, ineffectual as a conveyance, there is no reason why his covenant with her and her representatives not to claim or to assert dower should not operate by way of estoppel to bar him of the right."

This court in McBreen v. McBreen, supra, applied the doctrine of equitable estoppel, and denied the claim of the husband to curtesy in his wife's real estate, where they had entered into a contract with each other

which recited that "the said parties hereto shall be absolved from any and all obligations toward each other by reason of their relation as husband and wife, and the said parties hereto hereby release each other from any and all obligations by reason thereof." The covenants in the agreement were acted upon and carried out by both parties until the wife's death. The court said that such contracts were not enforceable at law, but nevertheless held that the husband was estopped by the terms of his own deliberate and solemn covenants, from claiming possession of his wife's property as tenant by the curtesy.

The contract by plaintiff to convey all interest in the property yet in him upon the death of his wife, in accordance with the provision of her will, was not, in our opinion, affected or impaired by the act of 1895 (sec. 2938, R. S. 1899), which went into effect seven years after the execution of the deed. [Const. Mo., art. 2, sec. 15; Cooley, Const. Lim. ( 7 Ed.), p. 383; 2 Tucker on the Constitution, sec. 388; Fisher v. Patton, 134 Mo. 32.] In the construction of statutes the uniform rule is that they must be held to operate prospectively only, unless the intent is clearly expressed that they shall act retrospectively, or the language of the statutes admits of no other construction. [Cunningham v. Gray, 20 Mo. 170; Reed v. Swan, 133 Mo. 100; State ex rel. v. Wofford, 121 Mo. 61; Bartlett v. Ball, 142 Mo. 28, and many other cases.]

Plaintiff's acceptance of the trust related back to the date of the deed. The trust or contract had been executed in part, the rights of the parties under the deed had become vested and fixed, and it was beyond the power of the Legislature to disturb the rights so vested or the obligation assumed under the contract.

The plaintiff has no interest in the property conveyed by the Kilpatrick deed, excepting the interest bequeathed and devised to him by the will of Mrs. Jamison. The judgment is affirmed. All concur.