**SUBURBIA GARDENS NURSERY, INC.,**
Plaintiff-Appellant,

v.

**COUNTY OF ST. LOUIS, Missouri, Maurice
Abramson, Albert Bailey, John Dowling,
Russell Grantham, John O'Hara, Comprising All of the County Council of the County of St. Louis, Missouri, and James H. J.
McNary, Supervisor of the County of St.
Louis, Missouri, Defendants-Respondents,**

and

Mildred Ann Krekeler, Intervenor-Appellant.

Mildred Ann KREKELER, Plaintiff-
Appellant,

v.

**SUBURBIA GARDENS NURSERY, INC.,**
Defendant-Appellant.

No. 50079.

Supreme Court of Missouri,

En Banc.

April 13, 1964.

Daniel P. Reardon, St. Louis, for appellant Mildred Ann Krekeler.

Norman C. Parker, St. Louis County Counselor, Arthur M. Wolff, Asst. County Counselor, for respondent, St. Louis County.

Cupples, Cooper & Haller, by Irving L. Cooper, Clayton, for appellant Suburbia Gardens Nursery, Inc.

STORCKMAN, Judge.

This proceeding is a consolidation of a declaratory judgment action and a suit in equity for injunctive and other relief. It involves the determination of the activities in which a nursery may engage in a district in St. Louis County zoned for that purpose among others. Suburbia Gardens Nursery, Inc., instituted the declaratory judgment action against the County of St. Louis and certain county officials for a determination of the rights and duties of the parties under the St. Louis County Zoning Ordinance. Thereafter, Mildred Ann Krekeler, an adjoining landowner, brought the equity suit against Suburbia Gardens Nursery, Inc.; the specific relief requested was an injunction against the erection of buildings on Suburbia's land for which a building permit had been issued by St. Louis County. Mrs. Krekeler was allowed to intervene in the declaratory judgment action and eventually the two suits were combined. The consolidated action was tried before the court without a jury. By its judgment the trial court declared the terms and conditions under which Suburbia could operate a nursery on its land and found that certain other uses were prohibited. Suburbia and Mrs. Krekeler both appealed.

Suburbia and Mrs. Krekeler own adjoining tracts of land on the south side of

U.S. Highway 40 between Schoettler Road and Woods Mill Road in St. Louis County. Mrs. Krekeler purchased her 72-acre tract in 1948 and moved onto it with her husband, Clemens G. Krekeler, in 1950. Mr. and Mrs. Krekeler's son and his family live in another house on the land. The Krekeler home is about 1200 feet off the highway and is well landscaped. There are also two lakes on the premises. Suburbia proposes to establish and operate a nursery on its adjoining tract of 10.74 acres. It has been issued building permits for certain structures to be used in connection with the nursery. The district zoning regulations for the Suburbia and Krekeler tracts are the same.

The applicable zoning ordinance, § 1003.-120 of the St. Louis County Revised Ordinances 1958, insofar as here pertinent provides:

"1. The regulations contained in this Section are the District regulations in the 'B' Single Family District. These regulations are supplemented and qualified by additional general regulations contained elsewhere in this Chapter and are made part of this Section by reference.

"2. Use Regulations: Except as otherwise provided, business and industry are specifically prohibited, and a building or premises shall be used only for the following purposes:

"(1) Single Family Dwellings.

"(6) Forests, nurseries, farms and truck gardening; provided, however, that no poultry or livestock shall be housed or confined within one hundred feet of any single family dwelling that is located upon an adjoining lot containing less than three acres.

"(8) Roadside stands, offering for sale only farm products which are produced upon the premises, including a sign, advertising such products, not exceeding twelve square feet in area, and which stands and signs shall be removed during any season for the period when they are not in use.

"(11) Accessory buildings and uses customarily incident to the above uses, not involving the conduct of a business, including quarters for servants employed on the premises, a private garage, and a private stable, except that any detached accessory building shall be located not less than sixty feet from any front lot line."

Suburbia was incorporated in 1959 and its principal stockholders were William Cohen and Joel Kalemis. On April 25, 1961, the company purchased the 10.74-acre tract in question but at the time of trial was operating its nursery business at Lindberg and Olive Street Roads in Creve Coeur, St. Louis County. The tract is somewhat an irregular square with a frontage on the highway of 856.43 feet. The area in which the Suburbia and Krekeler tracts are located consists largely of homes on 10 to 20-acre tracts. The surrounding area is predominately farm land. Except for two nonconforming uses, there are no commercial enterprises on Highway 40 east of the tract for a distance of 12 miles. There is a nursery located on Schoettler Road approximately 1½ miles west and about 350 feet south of Highway 40.

The principal witnesses for Suburbia were Mr. Cohen and two owners and operators of nurseries in St. Louis County who had been in business since prior to 1946 when the St. Louis County Ordinance was originally enacted. Suburbia's evidence tended to prove that practically all trees and plants sold by nurseries in St. Louis County were grown at other places and are brought to the nurseries for further growth and preservation before they are sold. This is due to the fact that plants can be grown from seed more advantageously in other places. Apparently there are no wholesale nurseries in St. Louis County. In general, Suburbia's business activities include the growing and transplanting of trees, plants and shrubs, cultivating and preserving them, advising customers, and drawing sketches showing where the nursery products should be planted for the purpose of landscaping the customer's property most advantageously. In operating a nursery, fertilizers, insecticides, mulches, agricultural machin-

ery and irrigation equipment are used. Suburbia has about 13 employees who are often used interchangeably in various activities.

Suburbia sells nursery products which are grown, transplanted, propagated, cultivated or grafted on its land, and generally plants the products on the customer's property. Most nursery trees and plants are delivered to Suburbia in a ball of earth and are usually planted in the soil, sawdust, or other materials for further growth or preservation. Sometimes plants are bought and sold in pots. Mr. Cohen testified that the placing of plants in bins of sawdust for display purposes is a part of transplanting. It is not the intention of Suburbia to sell garden hose, sprinklers, nozzles, mowers, spreaders, carts, sprayers, dusters, tools, trellises, garden ornaments, pottery and similar items. It plans to use railroad ties, bricks, sand, gravel, crushed rock, and similar material in connection with the business activities to be conducted at the new location but not to sell them to customers.

Suburbia's application to St. Louis County for a building permit was accompanied by plans which called for the erection of an administrative or office building, a lath house for shade-loving plants, a garage and storage building, and the installation of sidewalks and paving for a parking area. The architect's plans called for electrical outlets for flood lights but Mr. Cohen testified that the company did not at this time intend to use floodlights on the property and that the plans were not final and were subject to change. Suburbia's plans called for operation of the business only on week-days during daylight hours. Suburbia expects to have 6 acres to devote to growing crops after the installation of the proposed buildings and paved areas. Mr. Cohen was uncertain whether a sign would be used to identify the business.

Robert L. Eggers of the Arrowhead Nursery and Joe W. Myers of Westover Farm and Landscape Company in St. Louis County described the nature and extent of the operation of a nursery business from a time prior to 1946 to the present. Mr. Eggers described his business as the growing and selling of nursery stock, moving stock from the nursery to his customer's premises and transplanting it there, building walls and patios, drawing plans, spraying, making lawns and sodding; he stated that landscaping, incidental to the nursery business, was very important and without one a person could not do the other. Mr. Myers testified that his company also operates a greenhouse and sells pottery and garden equipment. Mr. Cohen testified that it was the intention of Suburbia Gardens to do and perform those things customarily done in the nursery and landscaping business.

St. Louis County in general supported the Krekeler position but offered no evidence independently. Mrs. Krekeler introduced photographic and other documentary exhibits and testified that she was the owner of the property on which she resided. Mr. Krekeler in substance testified that he objected to the construction of the proposed buildings on Suburbia's tract and especially a retail sales office but that he had no objection to the use of the land for growing nursery stock if it was moved to another location for resale. To the extent necessary, further evidence will be referred to in connection with the discussion of the legal questions involved.

The relevant portions of the trial court's judgment and decree are as follows:

"In accordance with the pleadings herein and the evidence adduced relevant thereto, on the petition of plaintiff, Suburbia Gardens Nursery, Inc., it is by the court found and declared that under St. Louis County Revised Ordinances, 1958, Section 1003.120, said plaintiff may operate a nursery on the lands described in the petition, under the following conditions and for the following purposes.

"1. For the propagation, cultivation, and growth on the premises of trees, shrubs, plants, vines and the like from seed or stock.

"2. For the sale of trees, shrubs, plants, vines and the like, propagated, grown and cultivated on the premises from seed or stock, including the sale of such plants purchased elsewhere and transplanted into the soil of said property.

"3. For the construction, operation and use of a roadside stand for the sale of nursery products grown on the premises with the use of a sign advertising such sale only as set forth in Section 1003.-120, 2(a), St. Louis County Ordinances, 1958.

"4. For the employment of such persons and the use of vehicles and mechanical equipment, including irrigation equipment, on said premises only as is necessary and essential to the cultivation, propagation and growth on the premises of shrubs, plants, vines and the like, under 1., 2., and 3., above.

"5. For the storing and use on the premises of only such fertilizers, fungicides, sterilized soil, sand, mulch, dirt, wood, rocks and other related materials, and objects essential and necessary to the propagation, growth and cultivation on the premises of shrubs, plants, trees, vines, and the like; from seed or stock.

"6. Accessory buildings and uses customarily incident to the above uses, including bins for the heeling-in of nursery products and to provide bins for dry planting materials and edgings, not involving the conduct of a business, including quarters for servants employed on the premises, a private garage, and a private stable, except that any detached accessory building shall be located not less that sixty feet from any front lot line.

"7. For paving a parking area immediately adjacent to said roadside stand for use in connection with sales therefrom.

"It is further found and declared that under said Ordinance Section 1003.120, plaintiff, Suburbia Gardens Nursery, Inc., may not make the following uses of the property described in the petition:

"(a) Operate on said property a landscaping business and trade, including the keeping for sale on said property drainage materials, edgings, bricks, railroad ties, sand, gravel, crushed rock, and items of similar nature.

"(b) Construct on said property an office building for the administrative handling of its nursery business.

"Under the petition of plaintiff, Mildred Ann Krekeler, in Case No. 245085, plaintiff Suburbia Gardens Nursery, Inc., is enjoined from doing the acts numbered (a) and (b) above only."

In general the contentions of Suburbia on appeal are that the decree is not sufficiently specific, that it should be permitted to construct an administrative building in connection with its nursery operation, to perform landscaping activities and to sell certain commodities, and that the right to an injunction was not established. Mrs. Krekeler contends that the court erred in permitting Suburbia to operate a roadside stand for the sale of nursery stock and to use a sign in connection with it, and in failing to prohibit Suburbia from conducting a retail business on its premises.

■ A nursery as that term is used in the zoning ordinance, Chapter 1003, and particularly § 1003.120, is "an area where trees, shrubs, or plants are grown for transplanting, for use as stocks for budding and grafting, or sale." Webster's 3d International Dictionary. Other definitions are to the same effect. See Town of Needham v. Winslow Nurseries, Inc., 330 Mass. 95, 111 N.E. 2d 453, 456 [3], 40 A.L.R.2d 1450. Subsection 2(6) of § 1003.120 permits the premises to be used for "Forests, nurseries, farms and truck gardening". The definitions and the context contemplate the sale of the produce of the nursery.

■ In the sense here involved, a business is a "commercial or mercantile activity cus-

tomarily engaged in as a means of livelihood and typically involving some independence of judgment and power of decision." Webster's 3d International Dictionary. See also Semple v. Schwarz, 130 Mo.App. 65, 109 S.W. 633, 635–636; Pitts v. Maupin, 230 Mo.App. 221, 88 S.W.2d 384, 386 [2]; Freese v. St. Paul Mercury Indemnity Co., Mo.App., 252 S.W.2d 653, 655 [4]. The operation of a nursery for financial gain is a business enterprise. The zoning ordinance permits this use in practically all districts. See §§ 1003.110 through 1003.210, St. Louis County Ordinances 1958.

In determining the meaning of an ordinance or statute pertaining to zoning, as well as other subjects, the courts generally seek to ascertain the intention of the lawmakers by giving the words used their ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory or oppressive results. St. Louis Southwestern Ry. Co. v. Loeb, Mo., 318 S.W.2d 246, 252 [1, 2]; Laclede Gas Co. v. City of St. Louis, Mo., 253 S.W.2d 832, 835 [2, 3]; Killian v. Brith Sholom Congregation, Mo. App., 154 S.W.2d 387, 395 [12]; Evans v. Roth, 356 Mo. 237, 201 S.W.2d 357, 364 [5].

The respondents Krekeler and St. Louis County seem to proceed on the theory that no business activity of any kind is permitted under § 1003.120. The use regulations, subsection 2, starts with this statement: "Except as otherwise provided, business and industry are specifically prohibited, * * *." Italics added. Among the exceptions provided is the nursery business. It is a permitted business use within the limitations of the zoning ordinance.

An activity that is a reasonably necessary incident to the nursery business will not be deemed to be "the conduct of a business" in violation of § 1003.120–2(11) of the zoning ordinance when such use or activity is performed as an integral and essential part of the nursery business even though it would not be a permitted use as an independent business or undertaking,

State ex rel. Szodomka v. Gruber, 201 La. 1068, 10 So.2d 899, 902–903 [7]; Call Bond & Mortgage Co. v. Sioux City, 219 Ia. 572, 259 N.W. 33, 35 [1]. For example, providing a parking area for automobiles of customers of the nursery would be a permitted incidental use whereas the operation of a parking garage or facility on the premises as an independent business venture would not be. The operation of a nursery is a use already granted and permitted by subsection 2(6). Subsection 2(11) refers to additional uses accessory and customarily incident to the conduct of a nursery but proscribes grafting onto the nursery business a separate or independent business use or activity.

The principal issues in this case have been considered and decided in Town of Needham v. Winslow Nurseries, Inc., 330 Mass. 95, 111 N.E.2d 453, 40 A.L.R.2d 1450. The bill in equity was to restrain the use of defendant's premises in Needham for purposes alleged to be in violation of a zoning bylaw (ordinance) of the town. The ordinance was quite similar to the one here involved. Among other similar uses, it permitted one-family detached houses and farms, stock farms, greenhouses, nurseries and truck gardens. The fact that Winslow also operated a greenhouse does not distinguish the case because the questions presented related chiefly to the nursery. The greenhouse and nursery business was located in a single-family-residence district on a tract of land less than half as large as the one here involved. The buildings on the land consisted of a sales and growing greenhouse, to which a greenhouse workshop, a storage building, a garden shop and an office were attached. Nearby there was a second storage shed and another greenhouse with a wing and heating plant. A new sales greenhouse, 60 by 40 feet, was in process of construction. The floor area of all these buildings was slightly in excess of 12,500 square feet. The land not occupied by buildings was used for growing nursery stock. Winslow also proposed to construct

a parking lot 260 feet long by 80 feet wide for the accommodation of 60 automobiles. The volume of business dollarwise was more than twice as much as in the instant case. The Supreme Judicial Court of Massachusetts considered the various activities and determined what uses could and what uses could not be made of the premises. The opinion is well reasoned and its results are strongly persuasive of the proper interpretation and application of the instant ordinance. The instant case has been well briefed and we have considered all the cases cited by the parties. They have been helpful but none of them are controlling. The determination of the uses permitted in this case must be made on the basis of the wording of this particular ordinance and the context in which it occurs.

■ The conduct of any business including the operation of a nursery requires the keeping of books and records—sometimes under compulsion of federal, state or local laws. Other clerical work is also required. A place to consult with customers and other business visitors rather than in the open where the nursery stock is grown is essential to the conduct of the nursery business. The ordinance contemplates that quarters for the performance of these and similar functions may be provided in an accessory building on the premises. It does not matter whether it is designated an administrative building or rooms in a building, an office or a countinghouse. The zoning ordinance permits the maintenance of such quarters for office or administration purposes on the premises, but the use must be restricted solely to the nursery business conducted on the premises.

■ We have also concluded that Suburbia may advise and give suggestions to customers concerning nursery stock suitable for landscaping, where it should be placed on the customer's property, make sketches thereof and attend to the planting solely in connection with the sale of nursery stock from the tract in question. As stated in Needham, 111 N.E.2d 457–458: "Doubtless the defendant may engage in landscaping as a part of the planning and preparation of the land for the planting of trees and shrubs which it intends to sell from its nursery. It may enter into contracts for such work. We think, however, its premises cannot be used as headquarters for a contracting business which does not concern the transplanting of the defendant's own nursery stock or the stock which has physically become a part of the nursery. Such use exceeds what is reasonably accessory to its principal business, as does the maintenance on the premises of more trucks than are necessary for the delivery of its own products."

■ Paragraphs 3 and 7 of the decree relating to the construction and operation of a roadside stand should be eliminated entirely. Subsection 2(8) of § 1003.120 authorizes "Roadside stands, offering for sale only farm products which are produced on the premises." We have concluded that nursery stock is not within the purview of this provision, and that a roadside stand for the sale of nursery stock is not otherwise authorized. Farm products mature seasonally, are severed from the plant or soil, and are readily transported to and displayed in stands where they may be sold. Nursery stocks are not in the same category and it would be out of keeping with the object and purposes of the ordinance to permit their sale from roadside stands.

■ Suburbia's further contention that it should be permitted to sell on the premises drainage materials, edgings, bricks, railroad ties, sand, gravel, crushed rock and items of a similar nature is denied. Such commodities are not the produce of a nursery and are not accessory or incidental to the nursery business as authorized by the zoning ordinance. As further stated in the Needham case, 111 N.E. 2d 453, 457 [6]: "Although denied the right to maintain a store, we think that the defendant is not precluded from selling to

customers in connection with its sale of plants such fungicides, insecticides, chemicals, peat moss, humus, mulches, and fertilizers as are intended to be used in preserving the life and health of the plants sold."

At one time Mr. Cohen testified that Suburbia did not intend to conduct a retail store for the sale of the items now urged upon us. The fact that such objects are sold in nurseries elsewhere does not make them accessory or incidental uses under the ordinance. What we have said in this regard also disposes of appellant Krekeler's contention that the decree fails to prohibit Suburbia from conducting a retail business on the premises. Retail sales must be limited to nursery produce in the manner stated.

The appellant Suburbia also complains that the decree is not sufficiently definite in setting out and specifying the rights of the parties under the ordinance. Some of the matters referred to are not presently justiciable. So far as appears from the record presented, all other issues have been disposed of. There is no issue in the case regarding an entrance sign. This and other matters will have to be worked out by the parties consistent with the zoning laws and other ordinances that may be applicable. No question was presented on this appeal as to the design or construction of the nursery buildings and other facilities. The only objection was respecting their purpose and those issues have been settled.

The costs on appeal are assessed one-half against Suburbia and one-fourth each against St. Louis County and Mrs. Krekeler.

In the respects indicated the judgment and decree is reversed; in all other respects it is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.