Mildred Ann KREKELER, Plaintiff-
Appellant,

v.

ST. LOUIS COUNTY BOARD OF ZONING
ADJUSTMENT, and Suburbia Gardens
Nursery, Inc., Defendants-Respondents.

No. 52198.

Supreme Court of Missouri,
Division No. 1.

Dec. 11, 1967.

Rehearing Denied Jan. 8, 1968.

------

Daniel P. Reardon, Jr., St. Louis, for appellant.

Joseph B. Moore, St. Louis County Counselor, Robert N. Rosenblum, Asst. County Counselor, Clayton, for defendant-respondent, St. Louis County Board of Zoning Adjustment.

Cupples, Cooper & Haller, Irving L. Cooper, Clayton, for respondent, Suburbia Gardens, Inc.

HENLEY, Presiding Judge.

This is an appeal from a judgment affirming an order of the St. Louis County Board of Zoning Adjustment reinstating a building permit issued to Suburbia Gardens Nursery, Inc., and cancelled by the Director of Public Works. The appeal was submitted at the April, 1967, session; an opinion was written but not adopted, and the case reassigned to the writer. We shall refer to the parties as follows: plaintiff-appellant Mildred Ann Krekeler as appellant or as Mrs. Krekeler; defendant-respondent St. Louis County Board of Zoning Adjustment as the Board; defendant-respondent Suburbia Gardens Nursery, Inc., as Suburbia. The Director of Public Works will be referred to as the Director.

Mrs. Krekeler produced evidence that construction authorized by the building permit would result in depreciation of the value of her property in excess of $85,000; hence, jurisdiction of the appeal is in this court. Article V, § 3, Constitution of Missouri, V.A.M.S.; § 477.040 (all references to sections of the statutes are to RSMo 1959, and V.A.M.S.); Scallett v. Stock, 363 Mo. 721, 253 S.W.2d 143 [1].

This appeal is, in a sense, a sequel to litigation begun in January, 1962, and culminating in a decision of this court, en banc, on April 13, 1964, in Suburbia Gardens Nursery, Inc. v. County of St. Louis et al., Mo., 377 S.W.2d 266. The lands involved here are the same as those involved in that suit;[1] the protagonists or active, principal participants or movers in that case are the same as those here: Mrs. Krekeler and Suburbia; the fundamental bone of contention between those parties in that case[2] is the same as that in this case: whether Suburbia may construct and maintain on its premises an office building for the administration of its nursery business. The court held, at l. c. 272, that quarters within which to consult with customers and other business

---

1. Mrs. Krekeler and Suburbia own adjoining tracts of land on the south side of U.S. Highway 40, between Schoettler and Woods Mill roads in St. Louis county. Suburbia's tract consists of 10.74 acres and has a frontage of 856.43 feet on the highway; it is used to grow nursery products. Mrs. Krekeler's tract consists of 72 acres 1200 feet south of the highway adjoining the Suburbia tract on the south; it is used by her family and the families of her married children for residence purposes.

2. In that case Suburbia had been granted in January, 1962, a permit to build a building for its use in the administration of its nursery business; Mrs. Krekeler objected to construction of the building.

visitors " * * * is essential to the conduct of the nursery business * * *" and that the county ordinance then in effect permitted the contruction and maintenance of a building on Suburbia's premises " * * * for office or administration purposes * * *, but the use must be restricted solely to the nursery business conducted on the premises."

On July 13, 1964, three months after the decision of this court, Suburbia was again issued a permit by the Director to build; Mrs. Krekeler again objected and appealed to the Board; on February 19, 1965, the Board affirmed the action of the Director and approved the permit; in March, 1965, Mrs. Krekeler filed a petition for writ of certiorari in the circuit court seeking (1) review of the action of the Board, and (2) an order staying the order of the Board permitting Suburbia to construct the improvements described in its permit. The basis of that attack on the permit is not shown by this record. Evidence was heard on the request to stay and that and the petition for certiorari were taken under advisement. In July, 1965, subsequent to the event hereinafter first mentioned, Mrs. Krekeler dismissed her petition.

While the above proceedings were pending and under advisement, the St. Louis County Council adopted a new zoning ordinance effective April 25, 1965, in which Suburbia's property was zoned "Flood Plain" and "Non-Urban," that is, part of the property lies within one zone and part in the other. Under the new ordinance that part of the land lying within the "Flood Plain" zone may not be used for plant nurseries; that lying within the "Non-Urban" zone may be used for the following purposes, among others:

* * * * * *

"5. Commercial vegetable and flower gardening, *plant nurseries* and greenhouses; *not including any structure used as a sales-room.*

* * * * * *

"17. *Accessory buidings,* land uses, and activities customarily incident to any of the above uses. * * *" (Italics supplied.)

On May 6, 1965, the Director revoked the building permit issued in July, 1964, stating as reasons therefor that construction of the building had not begun and that the new ordinance prohibited the intended use. Suburbia appealed the Director's action to the Board, requesting that the Board review and reverse the action of the Director and reinstate the permit. On August 20, 1965, the Board held a hearing on this appeal at which Mrs. Krekeler appeared by counsel in opposition to Suburbia's request. Briefly, Mrs. Krekeler's position before the Board on this occasion was that although this court had held that Suburbia could construct a building for use in its nursery business, the ordinance now in effect prohibited use of the land for a nursery and the construction of the building; that Suburbia had done nothing toward construction of the building authorized by the permit issued in July, 1964, and had no vested right or interest in the permit. Suburbia's position before the Board was that, relying on the permit, it had in good faith engaged an architect who had prepared plans for the building, employed a builder to erect the building, and made arrangements with a bank to finance construction, all before the effective date of the new ordinance and at some expense; that actual construction of the building before the effective date of the new ordinance had been stayed by operation of law, because of the several actions of Mrs. Krekeler to review issuance of the permit; and that it had a vested interest in the permit.

The Board took the matter under advisement and on October 1, 1965, reversed the Director and reinstated the permit, stating as its reasons: " 'Petitioner [Suburbia] was prevented from building pursuant to said permit prior to the enactment of St. Louis County Ordinance #3552 (zoning) which became effective April 25, 1965, by operation of Section 64.120 of the Missouri Re-

vised Statutes which provides that an appeal to the Board of Zoning Adjustment shall stay all proceedings in furtherance of the action appealed from. When permit No. 3313–64 was issued, an appeal was filed by Mildred Ann Krekeler to this Board and thereafter to the St. Louis County Circuit Court as Cause No. 265796 which prevented petitioner from proceeding with construction. To permit the revocation of the permit at this time would constitute an unreasonable deprivation of the use of petitioner's property.' "

On October 18, 1965, Mrs. Krekeler filed the instant petition for writ of certiorari in which she prayed that the court set aside the order of the Board. She also prayed that the court restrain Suburbia from taking any action under its permit pending a hearing. In due course the writ was issued; a return was filed by the Board and an answer by Suburbia. We need not summarize the allegations of the return and answer; in general, they denied the allegations of the petition and, of course, with its return the Board filed a copy of its decision and all proceedings had before it. In December the court heard evidence on the request for a restraining order and took that and other issues made by the pleadings under advisement. On March 29, 1966, the court filed a memorandum of its findings and conclusions and entered judgment affirming the order of the Board, reinstating the permit, and denying the restraining order. In general, the court found and concluded (1) that the decision of the Board was supported by substantial evidence; (2) that the new zoning ordinance operated prospectively only and did not cancel Suburbia's permit; and, (3) that appeals to the Board and petitions for certiorari by Mrs. Krekeler had, by operation of law, stayed the effectiveness of the building permit while those proceedings were pending, thereby preventing Suburbia from going forward with construction before the effective date of the new ordinance. Mrs. Krekeler's motion to vacate and set aside the judgment and for a rehearing was overruled and this appeal followed.

■■■ Respondent moves to dismiss the appeal on the ground that the notice of appeal states that the order appealed from is the denial by the court of appellant's motion to vacate and set aside the order of the Board and for a rehearing. The order specified is not an appealable order and the appeal should have been from the judgment entered, as appellant acknowledges in her reply brief. However, liberality is exercised in such matters and the good faith of the effort of appellant to appeal is not questioned. Walker v. Thompson, Mo., 338 S.W.2d 114, 116 [2–5]. The motion is overruled. Respondent's motion to dismiss the appeal for failure of appellant's brief to comply with the rules is also overruled. The brief is in substantial compliance with the requirements of Civil Rule 83.05(d) and (e), V.A.M.R.

In her first point appellant contends that the Board and the court erred in holding that appeals to the Board and petitions for certiorari by her effected a stay of the building permit while those proceedings were pending thereby preventing Suburbia from proceeding with construction before enactment of the new ordinance; that those proceedings did not effect a stay. She argues that Suburbia could have begun construction during the pendency of those proceedings and its failure to do so was its own choice for which she may not be faulted.

■■■ Section 64.120 provides that "An appeal [to the Board] shall stay all proceedings in furtherance of the action appealed from, * * *." Paragraph 3 of that section provides that any person aggrieved by a decision of the Board may attack its legality by writ of certiorari directed to the Board for review of its records. The provisions of the statute for review by certiorari do not provide whether issuance of the writ shall or shall not effect a stay. However, the general rule is

that the issuance of a writ of certiorari to review the action of an inferior body operates as a stay of its action, absent legislation to the contrary. State ex rel. Northwestern Mutual Life Ins. Co. v. Bland et al., 354 Mo. 391, 189 S.W.2d 542, 544 [1–4], 161 A.L.R. 423; 14 C.J.S. Certiorari § 108, p. 245; 14 Am.Jur.2d, Certiorari, § 46, p. 817. The applicable statute does not provide that issuance of the writ shall not effect a stay; therefore, issuance of the writ caused a stay of the effectiveness of the permit during the pendency of certiorari proceedings. The effectiveness of the permit having been stayed by the statute and rule, the Board and the court reasonably could have found that Suburbia's failure to begin and complete construction of its building pursuant to the July, 1964, permit was not of its own choice, but that it was prevented from doing so solely by action taken by Mrs. Krekeler; that Suburbia could and would have begun and completed construction of the building before the effective date of the new ordinance, but for those actions; and, that "To permit the revocation of the permit * * * would constitute an unreasonable deprivation of the use of * * * [Suburbia's] property." Section 89.110 cited by appellant in support of her position that the pendency of certiorari proceedings does not effect a stay is not applicable, because chapter 89 applies only to certiorari to review the actions of zoning boards in cities, towns and villages; not to those proceedings in counties.

■ Suburbia has used the property as a plant nursery since shortly after its purchase for that purpose in 1961. It would not be contrary to the new ordinance to say that to permit now the revocation of the permit would constitute an unreasonable deprivation of use of the property, because: (1) that part of it lying within the area zoned "Flood Plain" may continue to be used as a nursery, a non-conforming use the continuance of which is recognized and permitted by § 1003.170 of the ordinance;

and, (2) that part of it lying within the area zoned "Non-Urban" specifically permits its use for plant nurseries and those "Accessory buildings * * * customarily incident to * * *" that use. In this respect we have not lost sight of the fact that the subsection of the ordinance permitting use of the area zoned "Non-Urban" for plant nurseries also states: "* * * not including any structure used as a salesroom." But this appears to be in conflict with that subsection permitting "Accessory buildings * * * customarily incident to * * *" plant nurseries, which latter subsection of the new ordinance is in substantially the same language as that used in the ordinance construed by the court in Suburbia Gardens Nursery, Inc. v. County of St. Louis, supra, to permit the construction of a building for office or administration purposes. 377 S.W.2d l. c. 272 [6].

■ Suburbia had engaged an architect who prepared plans for the building; it had employed a builder to erect the building; it had made arrangements with a bank to finance the construction, all in good faith reliance upon the permit issued before the effective date of the new zoning ordinance. These actions are not taken without some expense and the assumption of some obligation. Suburbia has been engaged by appellant for several years in litigation which prevented first the exercise of the permit granted in 1962 and second the permit granted in 1964, both issued before the effective date of the new ordinance. This defense of its permits was not without some expense. Whether or not Suburbia acquired a vested right in the permit by virtue of these circumstances, these facts and the fact that the building authorized by the permit is essential to the conduct of its business would warrant a finding and holding by the Board and court that to revoke the permit would constitute an unnecessary hardship and an unreasonable deprivation of use of the property. We may not say that the deci-

sion is clearly contrary to the overwhelming weight of the evidence. We do say that appellant is in no position to object to Suburbia's construction of the building on the ground that it should have acted on its permit, but did not, before the effective date of the new ordinance, when the reason it had not was because it was prevented from acting before that date by her taking a position squarely contrary to an ordinance which this court had construed as authorizing construction of a building in a case in which she was a party. Her action immediately following that decision smacks of a lack of good faith and there is nothing in the record to indicate otherwise. She is estopped from relying upon the delay for which she is responsible; she is estopped now from objecting to Suburbia's use of the July, 1964, permit for construction of the building, the completion of which no doubt would have been accomplished long since, but for her action.

Appellant contends in another point that the Board and court erred in holding that Suburbia had a vested interest in the permit. In the first place neither the Board nor the court held that Suburbia had a vested right or interest, although Suburbia had taken the position before both that it had such interest; in the second, appellant did not assign this contention as error in her after trial motion. Both sides brief the point, but, as stated by Suburbia, we need not reach it in deciding the case, and do not.

■ In another point appellant contends that the adoption of the new ordinance had the effect of automatically cancelling and revoking existing or outstanding permits; that the Board and court erred in holding that the ordinance operated prospectively so as not to cancel this permit. The only authority she cites in support of this contention (other than § 1003.170 of the ordinance, pertaining to non-conforming uses) is McQuillin, Mun.Corp. (3rd Ed.) from which she quotes a part of § 25.156, pp. 497–

8: " * * * the legality of a use is determined by the zoning law governing at the time of its commencement, not by the zoning law prevailing when a permit issues. Thus, a permit under which no work has been done does not avail to protect a nonconforming use against a zoning ordinance." It is also stated in that section, at p. 498, that " * * * it has been adjudicated that a permit to erect and construct a building for a particular business or use cannot be defeated by subsequent zoning laws, or a change of law." Section 1003.-170 of the ordinance does not purport to cancel automatically existing permits, and we find no section which does purport to do so.

In Fleming v. Moore Bros. Realty Co., Inc., 363 Mo. 305, 251 S.W.2d 8, the court held that a building permit had not been cancelled or revoked by the subsequent enactment of an ordinance under which the building authorized would not conform to land uses limited by the new ordinance. In so holding the court stated: "As a general rule, a zoning ordinance is operative from its effective date and has no retroactive effect, unless the ordinance expressly so states. 62 C.J.S. Municipal Corporations, § 226(16) (b), page 483. 'In the construction of statutes the uniform rule is that they must be held to operate prospectively only, unless the intent is clearly expressed that they shall act retrospectively, or the language of the statute admits of no other construction.' Jamison v. Zausch, 227 Mo. 406, 126 S.W. 1023, 1027; Lucas v. Murphy, 348 Mo. 1078, 156 S.W.2d 686, 690. The same rule applies to city ordinances. 37 Am.Jur. 833, Municipal Corporations, Sec. 195; 62 C.J.S., Municipal Corporations, § 443(c), page 857."

We hold that the new zoning ordinance did not automatically cancel or revoke Suburbia's permit; that it is still in full force and effect; and, that Suburbia may proceed with construction of the building authorized by the permit. To hold other-

wise would be an unjust, absurd, confiscatory and oppressive result.

The judgment is affirmed.

SEILER and HOLMAN, JJ., concur.

STORCKMAN, J., not sitting when cause was submitted.