Mildred Ann **KREKELER**, Plaintiff-Appellant,

v.

**SUBURBIA GARDENS NURSERY, INC.,** Defendant-Respondent.

No. 34879.

Missouri Court of Appeals, St. Louis District.

Nov. 6, 1973.

Lewis, Rice, Tucker, Allen & Chubb, J. L. Pierson, and Daniel P. Reardon, Jr., St. Louis, for plaintiff-appellant.

Cupples, Cooper & Haller, Inc., Irving L. Cooper, Gary H. Sokolik, Clayton, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by plaintiff from a judgment and decree of the St. Louis County Circuit Court, denying her prayer to enjoin the defendant from completing some structures and to tear down other structures upon defendant's property, and to hold defendant in contempt for the alleged violation of a previous decree issued by the St. Louis County Court. The controversy centers around the character of defendant's business. Plaintiff's request for her citation of contempt for the alleged violation of a prior court order was that (1) a certain building defendant had constructed was not useable for its nursery business, but rather for its landscape contracting business; (2) a seven vehicle garage was used solely in the operation of defendant's landscape contracting business; and (3) defendant stored plants without planting and transplanting them and was thus maintaining a contracting and wholesale business. In her prayer for an injunction, plaintiff claimed that defendant had violated the circuit court's decree and the Zoning Ordinance. She claimed that only a two-car garage space was needed for defendant's nursery operation and that the garage and other buildings were unconnected with permitted nursery use under the Zoning Ordinance. We find no merit to any of plaintiff's claims; therefore, we affirm.

Defendant operates a nursery business on land adjacent to plaintiff's property in west St. Louis County. Although defendant grew its nursery product at the Highway 40 site that was adjacent to plaintiff's property, its administrative office was at 9771 Olive Street in St. Louis County. Two and one-half acres of it, out of nine available acres, were used for growing about 4,000 plants. In addition to defendant's nursery, it also did landscaping, landscape contracting, patio work and built swimming pools. The only construction material kept on the Highway 40 tract was that used for the maintenance of said property and that which was used to build heeling-in-bins or roads at that property.

Defendant's president testified that a landscape contractor was one who would take his plants and install them; that the only business done from the Highway 40 property was the growth, cultivation, and installation of the nursery products which have become a physical part of the Highway 40 property; plants that are bought and brought onto the Highway 40 tract and placed in a lath house in a planting medium and left there for a short period of time; that the 4,000 plants started from growing or existing plants were purchased from other nurseries. He also testified that a heeling-in-bin is an area with a planting medium where the plants are transplanted and then at a future date removed and transplanted to another area, such as a customer's property; that they had three heeling-in-bins; that heeling-in-bins and planting mediums are customary, incidental and usual in the nursery business; that plants transplanted into heeling-in-bins become a physical part of the premises, and they are watered, sprayed, trimmed, and maintained by the company; that a lath house, which is essential, customary and a necessary part of a nursery, is a heeling-in-bin with no walls or floors, protects the plants from the sun and other weather elements.

The president also testified that the seven bay garage and depending upon the time of year, the trucks are used for the growth and sale of plants that have become a physical part of the nursery. Other evidence, if needed, will be embodied in the opinion.

A review of two prior cases will be helpful in an understanding of the present controversy. The first was Suburbia Gardens

Nursery, Inc. v. County of St. Louis, 377 S.W.2d 266 (Mo.banc 1964). This case was a consolidation of a declaratory judgment action brought by Suburbia Gardens and a suit for an injunction brought by the present plaintiff, Mrs. Krekeler. The court in its decision construed the zoning ordinance and delineated the scope of operations permissible under it. In the Suburbia Gardens Nursery, Inc. case, supra (Mo.banc 1964), the court said:

"A nursery as that term is used in the zoning ordinance, Chapter 1003, and particularly § 1003.120, is 'an area where trees, shrubs, or plants are grown for transplanting, for use as stocks for budding and grafting, or sale.' . . .

\*      \*      \*      \*      \*      \*

"An activity that is a reasonably necessary incident to the nursery business will not be deemed to be 'the conduct of a business' in violation of § 1003.120–2(11) of the zoning ordinance when such use or activity is performed as an integral and essential part of the nursery business even though it would not be a permitted use as an independent business or undertaking . . . Subsection 2(11) refers to additional uses accessory and customarily incident to the conduct of a nursery but proscribes grafting onto the nursery business a separate or independent business use activity."

Applicable provisions of the decree entered pursuant to the Supreme Court decision, declaring the uses to which the land may be put, are as follows:

" '1.   For the propagation, cultivation, and growth on the premises of trees, shrubs, plants, vines and the like from seed or stock.

" '2.   For the sale of trees, shrubs, plants, vines and the like, propagated, grown and cultivated on the premises from seed or stock, including the sale of such plants purchased elsewhere and transplanted into the soil of said property.

\*      \*      \*      \*      \*      \*

" '6.   Accessory buildings and uses customarily incident to the above uses, including bins for the heeling-in of nursery products and to provide bins for dry planting materials and edgings, not involving the conduct of a business . . . ' "

The second case was Krekeler v. St. Louis County Board of Zoning Adjustment, 422 S.W.2d 265 (Mo.1967). In that case the present plaintiff sought to have Suburbia's building permit revoked. The permit was issued under a zoning ordinance which was changed during the course of litigation over the propriety of the issuance of the permit. The court held that the new ordinance did not automatically cancel or revoke the permit and that Suburbia could proceed with the construction of the building authorized under the permit.

On the threshold we note that this is a court-tried equity case; therefore, as the reviewing court, we review the law and evidence and will not set aside the judgment of the trial court unless it is clearly erroneous, having due regard to the opportunity of the trial court to judge the credibility of the witnesses. Sheffield v. Andrews, 440 S.W.2d 175 (Mo.App.1969); Craft v. Politte, 454 S.W.2d 534 (Mo.1970).

The trial court found, inter alia, that defendant used its Highway 40 property for the growing, propagating and cultivating of trees, shrubs, plants, vines and the like; that in connection with the growing, propagating and cultivating of such trees, shrubs, plants, vines and the like, defendant had constructed a lath house (with a heeling-in-bin underneath), two other heeling-in bins; a building with an attached seven stall garage; roads servicing its property, and a parking area for its employees; that the lath house and heeling-in-bins are usual, customary and essential in the nursery business and in defendant's nursery business; that defendant owns eight vehicles (seven trucks and one tractor); that the seven stalls in said garage are

used to park those trucks which are used in defendant's nursery business to and from its Highway 40 property, and when the stalls are not being used by such trucks, then defendant parked its tractor therein and also used its space for the storing of material that is used for growing, maintaining, cultivating, and installing its nursery products, and parts for the tractor. The court further found that defendant maintained and operated separate facilities for the operation of landscapes, a landscaping construction business, and that the Highway 40 tract was not the headquarters for any part of defendant's business; and finally, that there was no effective or convincing evidence that defendant used its Highway 40 property for the sale of any trees, shrubs, plants, vines and the like which it has not transplanted into either its growing fields or heeling-in-bins, or which otherwise have not been a physical part of its nursery at the Highway 40 tract.

In its conclusion of law, the court found that defendant was in compliance with the decision of Krekeler v. St. Louis County, supra; that plaintiff failed to prove that (1) she had sustained any damages, (2) defendant used the Highway 40 tract as a headquarters for a contracting business which does not concern the transplanting of its own nursery stock or the stock which had physically become a part of its nursery; (3) that defendant is using its garage in excess of its needs for its nursery and landscaping business relating to its nursery products; defendant is selling any of its nursery products which are not propagated, grown and cultivated on its Highway 40 property from seed or stock, including the sale of such plants purchased elsewhere and transplanted into the soil of said property; and (4) that defendant was in violation of any court order.

Our review of the record, transcript, exhibits, and the briefs find nothing to support any of the claims of error made by plaintiff. We find that the law of the case is as set forth in the cases of Suburbia Gardens Nursery, Inc. v. St. Louis County, supra, and Krekeler v. St. Louis County Board of Zoning Adjustments, supra, to be controlling. And the finding of the trial court and its conclusion that plaintiff has failed to sustain her burden of proof is not clearly erroneous in that the record is replete with evidence to support the court's findings; therefore, the judgment and decree of the trial court must stand.

Accordingly, judgment affirmed.

SMITH, P. J., and CLEMENS, J., concur.